UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOES #1-#4, minors, by and through
their Next Friend and Guardians JOHN DOES
#1-#4,

      Plaintiffs,

CASE NO. 1:23-cv-901

v.

HON. ROBERT J. JONKER

VICKSBURG COMMUNITY SCHOOLS, et al.,

      Defendants.
_____/

## ORDER

The court records reveal that the Next Friends and Guardians of the minor Plaintiffs filed this action under pseudonyms and without being named. In addition, Fed.R.Civ.P. 5.2(a), a minor shall be identified by their initials unless the court orders otherwise. "It is a general rule that a complaint *must* state the names of the parties." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005); *see* Fed. R. Civ. P. 10(a). "There is no provision in the Federal Rules of Civil Procedure for suit against persons under fictitious names, and there are likewise no provisions for anonymous plaintiffs." *Coe v. U.S. Dist. Ct. for Dist. of Colo.*, 676 F.2d 411, 415 (10th Cir. 1982). Nevertheless, federal courts have permitted a plaintiff to proceed under a pseudonym in exceptional circumstances, but only where the plaintiff first files a proper action and then moves for a protective order that would permit him to proceed anonymously. *See Citizens for a Strong Ohio*, 123 F. App'x at 636-37; *see also Doe v. Pub. Citizen*, 749 F.3d 246, 275 (4th Cir. 2014) (observing that because of the public's interest in open judicial proceedings, only exceptional circumstances justify the use of a pseudonym). Permission is granted only in exceptional

circumstances. *See id.*; *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004); *see also Rowe v. Burton*, 884 F.Supp. 1372, 1387 (D. Alaska 1994) (suggesting that only a serious risk of bodily harm would warrant proceeding under a pseudonym).  Here, however, it appears that the Court "lack[s] jurisdiction over the unnamed parties, as a case has not been commenced with respect to them." *Id.* at 637 (citing *Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989)); *see also* Fed. R. Civ. P. 10(a). Indeed, "the unnamed plaintiffs have made no request to the district court for permission to proceed anonymously, nor have they otherwise disclosed their identities to the court or to the defendants." *Nat'l Commodity & Barter Ass'n*, 886 F.2d at 1245. Generally, the "[f]ailure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case." Therefore,

    **IT IS ORDERED** that Plaintiffs shall show cause in writing by **September 15, 2023**, why the Court should not dismiss the case against Defendants for lack of jurisdiction. The response may include a properly supported Motion for a Protective Order.


Dated:  September 1, 2023           /s/ Robert J. Jonker
                                           ROBERT J. JONKER
                                           UNITED STATES DISTRICT JUDGE