UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAZEN VERMEULEN, MORGEN
GROSSETT, by and through her parent and
Next friend Cassanda Byers, AVA                    Judge Robert J. Jonker
VERMEULEN, by and through her parent and           Magistrate Phillip J. Green
Next friend Elizabeth Cutshaw, and KAMI            No. 23-00901
WILSON, by and through her parent and next
Friend April Wilson,

       Plaintiffs,

v

VICKSBURG COMMUNITY SCHOOLS,
KEEVIN O'NEILL, STEVE GOSS, ADAM
BRUSH and  MATTHEW HAWKINS,

       Defendants.

_____/

| | |
|---|---|
| MATTHEW S. DEPERNO (P52622) | TIMOTHY J. MULLINS (P28021) |
| DEPERNO LAW OFFICE, PLLC | KENNETH B. CHAPIE (P66148) |
| *Attorney for Plaintiffs* | ANNABEL F. SHEA (P83750) |
| 951 W. Milham Avenue | GIARMARCO, MULLINS & HORTON, P.C. |
| PO Box 1595 | *Attorneys for Defendants* |
| Portage, MI 49081 | 101 W. Big Beaver Road, 10th Floor |
| (269) 321-5064 | Troy, MI 48084-5280 |
| matthew@depernolaw.com | (248) 457-7020 |
| | tmullins@gmhlaw.com |
| | kchapie@gmhlaw.com |
| | ashea@gmhlaw.com |

### **ANSWER**

Defendants, VICKSBURG COMMUNITY SCHOOLS, KEEVIN O'NEILL, STEVE

GOSS, ADAM BRUSH and MATTHEW HAWKINS, by and through their attorneys,

GIARMARCO, MULLINS & HORTON, P.C., state their answer to Plaintiffs' Complaint as

follows:

## INTRODUCTION

1.      This case is about the intentional violation of children's fundamental right to bodily privacy contrary to constitutional and statutory principles, including the Fourteenth Amendment, Title IX, invasion of seclusion, and the Michigan's Revised School Code being MCL 380.1 *et seq*, which requires separate facilities based on sex.

**ANSWER:     Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.**

2.      The importance of privacy has long been considered central to our country's notions of freedom: a measure of personal isolation and personal control over the conditions of privacy's abandonment is of the very essence of personal freedom and dignity.

**ANSWER:     Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.**

3.      It was recently discovered that, unbeknownst to Plaintiffs, their parents, and other students and parents at Vicksburg High School, a public high school in the Vicksburg Community Schools ("Vicksburg High School"), the Defendants have secretly allowed biological males to use the girls' multi-user private restrooms and locker rooms.

**ANSWER:     Defendants deny the allegations contained therein for the reason that they are untrue.**

4.      After Plaintiffs informed Defendants that there was a boy in their restrooms exposing himself, Defendants stated that "the law was settled" that students who mentally identify themselves with the opposite sex could choose the locker room and restroom to use, and physical sex did not matter. Defendants stated "it's fine." Defendants told Plaintiffs they needed to "tolerate it" and make it as "natural" as they possibly could. Defendants told Plaintiffs that they should try

not to embarrass the biological male student. Instead, they should "look away" and not "bully" the biological male.

**ANSWER:** **Defendants deny the allegations contained therein for the reason that they are untrue.**

5.       Although Plaintiffs are hard-working, high achieving students, the school has discriminated against them and violated their privacy rights by allowing male students to dress as girls and use the girls' multi-user private restrooms and locker rooms. In some situations, it has caused Plaintiffs and other biologically female students to be fearful, to stay away from the girls' restrooms and locker rooms, to hold their urine the entire day, and on at least one occasion cause one of the Plaintiffs significant embarrassments during her menstrual cycle because she was fearful of using the girls' restroom.

**ANSWER:** **Defendants deny the allegations contained therein for the reason that they are untrue.**

6.       By forcing Plaintiffs and other female students to endure this type of discrimination and harassment and by failing to provide a safe educational environment for the Plaintiffs and other female students, the School District intentionally and purposefully caused Plaintiffs' privacy to be violated. Indeed, the School District did not inform Plaintiffs or their parents "(Guardians")", before they implemented this policy that they were permitting students of the male sex to enter locker rooms and restrooms of students of the female sex in order to use the toilet and fully expose themselves.

**ANSWER:** **Defendants deny the allegations contained therein for the reason that they are untrue.**

7.       The School District had not informed Plaintiffs or their Guardians that despite the

words on locker room and restroom doors, they would no longer protect Plaintiffs' expectation of privacy from viewing or being viewed by members of the opposite sex when they are present in multi-user private facilities such as restrooms and locker rooms.

**ANSWER:    Defendants deny the allegations contained therein for the reason that they are untrue.**

8.    The actions and policies violate Plaintiffs' fundamental right to bodily privacy, Title IX, intrusion upon seclusion, as well as Michigan law requiring separate facilities at our public schools. Defendants also breached their fiduciary duties.

**ANSWER:    Defendants deny the allegations contained therein for the reason that they are untrue.**

9.    No student should be forced to use multi-user private facilities at school, like locker rooms and restrooms, with students of the opposite sex. No school district should violate its students' constitutional and statutory rights, especially when it means abandoning a common-sense practice that long protected every student's privacy and access to education. Yet the Defendants have taken precisely these actions in this case.

**ANSWER:    Defendants deny the allegations contained therein for the reason that they are untrue.**

10.    Plaintiffs now seek a declaratory judgment that Defendants purposefully violated Plaintiffs' privacy rights and further attempted to harass and coerce the minor Plaintiffs into further privacy violations. Plaintiffs asks this Court to declare the Defendants' policy and actions unlawful, and order the other relief requested herein.

**ANSWER:    Defendants deny the allegations contained therein to the extent Plaintiffs contend that Defendants violated their rights.**

## JURISDICTION and VENUE

11.     This action arises under 42 U.S.C. §§ 1983 *et seq.* (the "Civil Rights Act") to redress the deprivation of rights secured by the Fourteenth Amendment to the United States Constitution, 20 U.S.C. §§ 1681 *et seq.* ("Title IX"), the Michigan Constitution and common law, and the Revised School Code.

**ANSWER:     Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court. Plaintiffs' Complaint speaks for itself. However, Defendants deny that all claims are brought under section 1983. Defendants further deny that any alleged rights were violated for the reason that such allegations are untrue. Additionally, Defendants affirmatively state that all claims—whether in official or individual capacity—lack all legal merit and should be dismissed.**

12.     This Court also has original jurisdiction and subject matter jurisdiction pursuant to 28 U.S.C. Section § 1331 (as this action involves a federal question and the laws of the United States) and 28 U.S.C. Section § 1343 (as this action involves the right to recover damages for injury and the deprivation of rights and privileges.) See also 28 U.S.C. §§ 1361, and 1367.

**ANSWER:     Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court.**

13.     Jurisdiction is also conferred upon this Court by 28 U.S.C. § 1343(a)(3) and (4), 28 U.S.C. § 2201 & 2202, and 42 U.S.C. § 1983, 1985, and 1988, this being an action for declaratory judgment and equitable relief authorized by law to redress deprivations and violations under color

of law of rights, privileges, and immunities secured by the United States Constitution and Michigan Constitution of 1963, as amended. See also Federal Rule of Civil Procedure 57.

**ANSWER:   Defendants deny the allegation that Plaintiffs were deprived rights or subjected to violations of law as would stem from the United States constitution and/or the Michigan constitution for the reason that such allegations are untrue. Defendants neither admit nor deny the remaining allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court.**

14.    The Court has jurisdiction to award nominal and compensatory damages under 28 U.S.C. § 1343(a)(4).

**ANSWER:   Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court. Defendants deny that Plaintiffs are in any way entitled to such relief here.**

15.    The Court has jurisdiction to award reasonable attorneys' fees and costs under 28 U.S.C. § 2412, 42 U.S.C. § 1988.

**ANSWER:   Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court. Defendants deny that Plaintiffs are in any way entitled to such relief here.**

16.    This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' state-law claims that are related to, and form part of, the same case or controversy. It is appropriate that this Court exercise supplemental jurisdiction over the state law claims because

they involve the same parties and operative facts as the federal claims. Therefore, the Court's exercise of supplemental jurisdiction will further economy, convenience, and fairness to the parties.

**ANSWER:**    **Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court.**

17.    Venue lies in this district pursuant to 28 U.S.C. § 1391(b) and (e), because a substantial part of the events or omissions giving rise to all claims occurred in this district where the District Defendant is located.

**ANSWER:**    **Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court.**

18.    This Court has personal jurisdiction over Defendants because they are domiciled in Michigan.

**ANSWER:**    **Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court.**

Plaintiffs request trial by jury, pursuant to Fed. R. Civ. P. 38.

**ANSWER:**    **Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court.**

## PARTIES

**A.**   **Plaintiffs**

19.   Plaintiffs and their Guardians are citizens of the United States and residents of Michigan.

**ANSWER:**   **Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.**

20.   Plaintiff Hazen Vermeulen is a graduated student who was a senior last year at Vicksburg High School.

**ANSWER:**   **Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.**

21.   Plaintiff Morgen Grossett is a minor girl. She is a student who began her senior year at Vicksburg High School at the end of August of 2023. Because Morgen Grossett is a minor, this action is brought on her behalf by and through her legal guardian.

**ANSWER:**   **Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.**

22.   Plaintiff Ava Vermeulen is a minor girl. She is a student who began her sophomore year at Vicksburg High School at the end of August of 2023. Because Ava Vermeulen is a minor, this action is brought on her behalf by and through her legal guardian.

**ANSWER:**   **Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.**

23.   Plaintiff Kami Wilson is a minor girl. She is a student who began her sophomore year at Vicksburg High School at the end of August of 2023. Because Kami Wilson is a minor, this action is brought on her behalf by and through her legal guardian.

**ANSWER:** **Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.**

B. **Defendant Vicksburg Community Schools**

24. Vicksburg Community Schools (the "School District") is organized under the laws of the State of Michigan.

**ANSWER:** **Defendants affirmatively aver that Vicksburg Community Schools is a Michigan Public School District performing a governmental function in Kalamazoo County, Michigan, to wit, providing a public education to students within the district and, as such, the School is a governmental agency and is immune from suit herein.**

25. The School District includes public educational institutions that provide students a kindergarten through 12th-grade education.

**ANSWER:** **Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.**

26. The School District and its schools receive federal funds and so are subject to the requirements of Title IX.

**ANSWER:** **Defendants affirmatively aver that Vicksburg Community Schools is a Michigan Public School District performing a governmental function in Kalamazoo County, Michigan, to wit, providing a public education to students within the district and, as such, the School is a governmental agency and is immune from suit herein. Defendants neither admit nor deny the remaining allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.**

27. The School District schools include three K-5 elementary schools, one 6-8 middle

9

school, a virtual academy,[1] a "pathway" high school,[2] and one senior high school serving grades 9, 10, 11 and 12.

**ANSWER:**    **Admitted.**

28.    The School District is governed by The Board of Education (the "School Board"), a seven-member elected body that sets policy for the School District and delegates responsibility for the administration of the School District to its Superintendent and Assistant Superintendent, who oversee a number of district-level administrators.

**ANSWER:    Defendants admit that the School District is governed by the Board of Education, as provided for in the Michigan School Code. Defendants neither admit nor deny the remaining allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.**

29.    The School District is responsible for the enforcement of policies through its Superintendent, Assistant Superintendent, administrators, teachers, attorneys, and other employees.

**ANSWER:    Defendants deny the allegations contained therein for the reason that they are untrue, incomplete and/or inaccurate legal conclusions and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court.**

**C.    Defendant Superintendent Keevin O'Neill**

30.    Defendant O'Neill is the current Superintendent of The School District and is sued in his official capacity. At all times relevant to the events described herein, Superintendent O'Neill acted within the scope of his employment as an employee, agent, and representative of the School

---

[1] **The Virtual Academy is an online school offered by Kalamazoo RESA for students in grades 6-8 as an alternative to a traditional middle school.**

[2] Vicksburg's Pathways High School has 99 students in grades 9-12

Board. In such capacity, he implemented a new policy in which student(s) of one sex are permitted to enter and use restrooms, locker rooms, and shower facilities designated for members of the opposite sex. Upon information and belief, he did so with the consent, knowledge, or ratification of the School Board; under the School Board's authority, control, and supervision; and with the actual or apparent authority of the School Board. Upon information and belief, Superintendent O'Neill has final policymaking authority for The School District in circumstances not otherwise provided for in the School District Bylaws and Policies.

**ANSWER:**    **Defendants admit that Keevin O'Neill is the current Superintendent of the School District. Defendants deny the remaining allegations contained therein for the reason that they are untrue.**

### D.    Defendant Assistant Superintendent Steve Goss

31.    Defendant Goss is the current Assistant Superintendent of The School District and is sued in his official capacity. At all times relevant to the events described herein, Assistant Superintendent Goss acted within the scope of his employment as an employee, agent, and representative of the School Board. In such capacity, he implemented a new policy in which student(s) of one sex are permitted to enter and use restrooms, locker rooms, and shower facilities designated for members of the opposite sex. Upon information and belief, he did so with the consent, knowledge, or ratification of the School Board; under the School Board's authority, control, and supervision; and with the actual or apparent authority of the School Board. Upon information and belief, Assistant Superintendent Goss has final policymaking authority for The School District in circumstances not otherwise provided for in the School District Bylaws and Policies.

**ANSWER:**    **Defendants admit that Goss is the Assistant Superintendent but deny the**

11

remaining allegations contained therein against him for the reason that they are untrue.

E. **Defendant Principal Adam Brush**

32.     Defendant Brush is the current Principal of Vicksburg Community High School and is sued in his official capacity. In such capacity, he implemented a new policy in which student(s) of one sex are permitted to enter and use restrooms, locker rooms, and shower facilities designated for members of the opposite sex. Upon information and belief, he did so with the consent, knowledge, or ratification of the School Board; under the School Board's authority, control, and supervision; and with the actual or apparent authority of the School Board. Upon information and belief, Principal Brush has final policymaking authority for Vicksburg Community High School with respect to the day-to-day enforcement of the School District's policies, including the newly adopted policy or practice permitting students of one sex to enter and use private facilities like restrooms, locker rooms, and shower facilities with members of the opposite sex.

**ANSWER:** **Defendants admit that Brush is the Principal but deny the allegations remaining contained therein against him for the reason that they are untrue.**

F. **Defendant Vice Principal Matthew Hawkins**

33.     Defendant Hawkins is the current Vice Principal of Vicksburg Community High School and is sued in his official capacity. In such capacity, he implemented a new policy in which student(s) of one sex are officially authorized to enter and use restrooms, locker rooms, and shower facilities designated for members of the opposite sex. Upon information and belief, he did so with the consent, knowledge, or ratification of the School Board; under the School Board's authority, control, and supervision; and with the actual or apparent authority of the School Board. Upon information and belief, Vice Principal Hawkins has final policymaking authority for Vicksburg

Community High School with respect to the day-to-day enforcement of the School District's policies, including the newly adopted policy or practice permitting students of one sex to enter and use private facilities like restrooms, locker rooms and shower facilities with members of the opposite sex.

**ANSWER:    Defendants admit that Hawkins is the Vice Principal but deny the allegations remaining contained therein against him for the reason that they are untrue.**

### FACTS

34.    Plaintiffs are female students who are or were properly and legally enrolled at Vicksburg Community High School.

**ANSWER:    Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.**

35.    Vicksburg Community High School has 8 male restrooms and locker rooms and 8 female restrooms and locker rooms.

**ANSWER:    Defendants deny the allegations contained therein for the reason that they are untrue.**

36.    Prior to and during classes, the female restrooms and locker rooms experience longer wait periods per restroom stall.

**ANSWER:    Defendants deny the allegations contained therein for the reason that they are untrue.**

37.    These actions were not discovered until Plaintiffs and other students notice and discovered a biological male standing in the girls' restroom. For some of them, their first instinct was to flee. When some of the Plaintiffs asked other students about this incident, they discovered that other students had experienced the same encounter.

**ANSWER:**     Defendants deny the allegations contained therein for the reason that they are untrue.

38.     These encounters caused Plaintiffs and other biological girls to be fearful of using the multi-user private girls' restrooms and locker rooms on their own. It forced them to travel together, to search the restrooms and lockers rooms before using them, and to otherwise live in fear. For some Plaintiffs and others, they refused to use the girls' restrooms and locker rooms, instead holding their urine the entire school day. This not only affected their comfort level while at school but has also affected their attitudes.

**ANSWER:**     Defendants deny the allegations contained therein for the reason that they are untrue.

39.     Some Plaintiffs and other girls did not understand if the biological male was in the girls' restroom and locker rooms in order to spy on them, take pictures, threaten them, or harm them.

**ANSWER:**     Defendants deny the allegations contained therein for the reason that they are untrue.

40.     On one occasion, the biological male using the girls' restroom "stared down" one of the Plaintiffs in a threatening manner, as if Plaintiff was the one in the wrong restroom, causing Plaintiff to fear for her safety.

**ANSWER:**     Defendants deny the allegations contained therein for the reason that they are untrue.

41.     Plaintiffs have discussed this situation with Defendants who responded that "there is nothing they could do" or that "the law is settled" and that they will continue to allow biological males to use the girls' multi-user private restrooms and locker rooms.

**ANSWER:**     **Defendants deny the allegations contained therein for the reason that they are untrue.**

42.     Defendants have also stated that "because of privacy concerns" they will not disclose to Plaintiffs, other students, or parents how many biological males have in the past or are currently dressing like girls and using the girls' multi-user private restrooms and locker rooms.

**ANSWER:**     **Defendants deny the allegations contained therein for the reason that they are untrue.**

43.     Michigan state law requires all students in Vicksburg Community High School to take 1 credit in a physical education ("PE") course. Therefore, PE is a mandatory course at the School District and is a requirement to graduate.

**ANSWER:**     **Defendants deny the allegations contained therein for the reason that they are untrue.**

44.     It is mandatory that students m PE class change into clothing appropriate for PE class. See MCL 380.1502.

**ANSWER:**     **Defendants deny the allegations contained therein for the reason that they are untrue.**

45.     The PE locker rooms have signs which indicate they are either for girls or for boys. Plaintiffs have always used the girls' locker room and restrooms because their sex is female. However, Defendants now permit boys to use the girls' locker room, strip naked, and expose themselves to girls.

**ANSWER:**     **Defendants deny the allegations contained therein for the reason that they are untrue.**

46.     Plaintiffs have a reasonable expectation that they would have privacy in the locker

rooms and restrooms in the school from viewing members of the opposite sex or from being viewed by members of the opposite sex.

**ANSWER:**    **Defendants deny the allegations contained therein for the reason that they are untrue. Moreover, Paragraph 47 contains an inaccurate and overly generalized statement of purported law.**

47.    Plaintiffs have, at times, been using the restroom when they have suddenly realized a male student using the restroom, fully exposed. Plaintiffs understand that the same could happen in the locker rooms.

**ANSWER:**    **Defendants deny the allegations contained therein for the reason that they are untrue.**

48.    Plaintiffs have experienced immediate confusion, embarrassment, humiliation, and loss of dignity upon finding themselves in this circumstance where a male student was exposing himself to female students.

**ANSWER:**    **Defendants deny the allegations contained therein for the reason that they are untrue.**

49.    Plaintiffs, along with various classmates, went to speak to the Principal Brush and Vice Principal Hawkins to let him know what had happened.

**ANSWER:**    **Defendants deny the allegations contained therein for the reason that they are untrue.**

50.    Defendants purposefully violated Plaintiffs' privacy rights and further attempted to harass and coerce the minor Plaintiffs into further privacy violations.

**ANSWER:**    **Defendants deny the allegations contained therein for the reason that they are untrue.**

51.     No student should be forced to use multi-user private facilities at school, like locker rooms and restrooms, with students of the opposite sex. No school district should violate its students' constitutional and statutory rights, especially when it means abandoning a common-sense practice that long protected every student's privacy and access to education. Yet the Defendants have taken precisely these actions in this case.

**ANSWER:     Defendants deny the allegations as improper argument and not factual assertions. Defendants further deny the allegations contained therein for the reason that they are untrue, as Defendants have not violated any students' rights.**

52.     The term "sex" refers to one's biological/anatomical status as either male or female. Sex is fixed at conception, binary, objectively verifiable, and rooted in our human reproductive nature.

**ANSWER:     Defendants deny the allegations contained therein for the reason they constitute inaccurate and incomplete conclusions of law, rather than allegations of fact, and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court. Plaintiffs' allegation does not attach a source for their definition of the word sex. The term "sex" has a legal definition and was defined differently by the United States Supreme Court in *R. G. & G. R. Harris Funeral Homes, Inc. v. EEOC* and by the Michigan Supreme Court in *Rouch World, LLC v Department of Civil Rights*.**

53.     The Defendants secretly authorized a male student to have unrestricted access to enter and use girls' private facilities. Defendants knew that if they publicly announced this plan, they would be met with considerable opposition.

**ANSWER:     Defendants deny the allegations contained therein for the reason that they are untrue.**

54.     On August 14, 2023, at the School Board meeting, several parents addressed the

School Board. One parent stated:

> "Ladies and gentlemen of the Vicksburg School Board, I have three daughters that
> attend Vicksburg, two at Indian Lake and one in middle school. I come to you today
> with a concern that I'd like your clarity on. I've heard stories of biological males in
> female restrooms, biological females in a male locker room. I've heard of a
> supposed student changing their gender on a weekly or potentially daily basis. I'm
> coming to you for clarity. What is the truth? I know you may not be able to speak
> about specific students, but what is Vicksburg's restroom and locker room policy?
> If we don't have a policy, what is our established practice? Is our practice to allow
> biological males into female restrooms and vice versa? Or is it to hold to the historic
> established ethic of male and female. My concern is that our daughters and sons
> could become victims of non-physical contact sexual abuse. Child sexual abuse can
> also include behaviors that do not involve touching or physical contact. These
> behaviors can be just as upsetting and emotional harmful to a child as some
> touching behaviors. Non-touching behaviors that are considered to be child sexual
> abuse include watching a child undress or use the bathroom often without the child's
> knowledge or exposing a person's genitals to a child or asking a child to expose
> themselves. If this administration's stance is to force our daughters (biological
> females) into accepting biological males into their restrooms and locker rooms and
> vice-versa, I believe that this is not only immoral and indecent, I believe it meets
> standards of child sexual abuse. If this is not true, then please correct me where I'm
> wrong. If it is true, then I call on this board to do what is right and protect our
> children."[3]

**ANSWER:     Defendants neither admit nor deny the allegations contained therein for lack**

**of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.**

55.     Another parent stated:

> "Good evening, ladies and gentlemen. First, I would like to say that I am by no
> means comfortable with public speaking so please bear with me if I seem to fumble
> through this. I have three children; a son who graduated from Vicksburg in '22, a
> daughter who will be a junior this year and a daughter who will be in first grade.
> Yes, we have a big age gap with our kids; we used to joke, saying "we loved
> Vicksburg schools so much that we wanted to have a third, just to send them
> through the school system." But, our thoughts on that may be changing a bit in light
> of some of the situations happening within our district.
>
> A while ago it was brought to our attention as well that there was a male student
> using the girl's bathroom. Our daughter approached the principal and vice principal
> about this. She was told that the student would be directed to use the single stall

---

[3] https://www.youtube.com/watch?v=6_patNmXnII at [18:10 – 19:47]

staff bathrooms if he chose to not use the boys bathroom; which this student did NOT do. Many female students are using the bathroom only one time a day out of fear of anxiety that a male student could be in the bathroom with them, or to the point where they just can't hold it any more. As a healthcare professional in Women's Health, I can tell you it is extremely dangerous for these young girls to dehydrate themselves to where they are using the restroom ONE TIME during a seven-hour school day. These girls are being placed at risk for not only dehydration but urinary tract infections, kidney infection, bowel disfunction; and not to mention the added health risks of only using the bathroom one time a day when it is that time of the month for a girl!! In addition to the physical health risks this is causing our girls, think of the mental health risks; anxiety, embarrassment of bleeding through clothing, fear that a boy is in the stall next to them they need to ask to "spare a square" or need a pad or tampon. Middle school and high school is hard enough for our youth without the added pressure that is being placed on these girls in this type of situation.

Earlier this year a group of concerned parents had a meeting with Superintendent Keevin O'Neill, Assistant Superintendent Steve Goss and Board President Skip Knowles regarding this situation. Parents were told there was "nothing the board could do because transgender students are a 'protected class'". What about our daughters' biological rights to privacy and protection? Our daughters are a protected class and need to be protected. The "solution" that was given to parents was that the girls had to use the single staff bathroom if they did not feel comfortable with a boy in their bathroom. How is that right? But, it does seem that we are living in a world where right is being made out to be wrong and what's wrong is being forced to be accepted. Biology and truth are being overlooked by subjectiveness of what a person "thinks" or "feels" of themselves. During that meeting we were told that not only was this student allowed in the bathroom, but could also use the girl's locker rooms, without any type of regulation or monitoring of "what was going on" in the locker rooms. Let me ask this, how is it that my daughter cannot wear a spaghetti strap tank top, a crop top or a one shoulder tank without being dress coded, but a particular student can wear very revealing clothing, clothing that shows he is biologically a boy and can walk around as a hormonal teenage boy in the girls locker room naked if he wanted to, any boy for that matter could, and it is allowed?

Now, we have all heard the tragic stories of what is happening to females across the nation with transgenders in the bathrooms. During the parent meeting, the schools "defense" statement was "but nothing has happened, yet". That is the key word, "yet." Is anyone on the board willing for the "first" victim to be their daughter or granddaughter? And I say "first" because, how do we know nothing has happened yet? Multiple girls and parents have been told there's "nothing the school can do", so why would a young girl seek help from someone who has basically turned their backs on them? The school has emergency protocols in place for a mass shooting, "just in case." The school has fire drills, tornado drills, etc., for "just in case" situations. What is the school board doing to prepare and prevent one of our girls from being sexually assaulted by a male student in the bathroom or locker room? We were told that a follow-up parents meeting would take place after the

rest of the board was made aware of the situation. At the last board meeting after another concerned parent spoke up about this same matter, board member Tina Forsyth asked what building this was occurring in. So, the additional board members were NOT notified of this situation like we were told would happen. Parents have yet to be informed of a follow-up meeting for what will be done regarding this situation. School will be starting in two weeks and we have no acceptable resolution to this matter.

I am also a proud member of the Facebook group that has grown to over 400 members including students, parents, grandparents, and other concerned community members who are standing up for what is right. Everyone in the group shares the same beliefs and standards that it is not safe to have biological boys sharing the bathroom with biological females and vice-versa. This is the same group that was previously referred to as a hate group at a board meeting. Disagreement in a matter and standing up for what is right is not the same as hate. And we all know Facebook, if it were a hate group it would be shut down, censored or "fact checked". The only "hate" that is being felt from this group is that we hate that our daughters are being put in potentially unsafe situation, hate that their rights as young women are being challenged and violated, hate that their health and well-being is being jeopardized, hate that the school board hasn't been transparent with parents and hate that moral ethics and social standards are not being followed in a place where our children are to be kept safe . . . the school.

One of the school boards responsibilities is the safety of the students. Allowing males in the female bathroom and vice-versa is not safe and poses potential harm to students of both genders. You have a duty and our daughters deserve the protection that is biologically righted to them in having only other females in the bathrooms and locker rooms. We implore you all to do better for daughters and the female students at Vicksburg Community Schools."[4]

**ANSWER:**   **Defendants deny that the allegations contain a complete and accurate restatement of the alleged statement.**

56.     In response, Board President Skip Knowles read the following statement prepared prior to the meeting:

"I'm not going to sit there and make a statement about whether we do agree or don't agree, but I am going to read a statement that we've had vetted by our attorneys and I understand that this is tough.

First, please note that Vicksburg Community Schools and school officials will not answer questions about the specific students because the disclosure of personally identifiable information about the student violates federal Family Educational

---

[4] https://www.youtube.com/watch?v=6_patNmXnII at [20:00 – 25:00]

Rights and Privacy Act and state law.

> Second, the district recognizes that providing students with a safe and
> supportive educational environment is of the utmost importance. The
> district's policies prohibits discrimination, bullying, harassment based on
> the basis of sex, which includes sexual orientation and gender identity. In
> addition, to following its policies it is equally important that the district
> complies with federal, state, and local laws and guidance and legal
> precedent related to unlawful discrimination, bullying, and harassment.
> State and federal law and guidance and current binding case law in
> Michigan require public schools to allow all students including transgender
> students to use the restrooms that corresponds with their their gender
> identity. Or use single use . . .

> [Inaudible from audience]

> [point at someone] I don't want any comments please.

> Or to use single user restrooms whichever the student chooses. If the student
> prefers to use single occupancy restroom we ask our students to let an
> administrator know and arrangements will be made. Regardless of gender
> identity, Vicksburg Community Schools expect that any individual using a
> restroom will respect the privacy of everyone else using the restroom and
> will conduct themselves in an appropriate manner. If not, the student will
> be held accountable according to Vicksburg Community Schools discipline
> policy. As a school community we are obligated to create a safe and
> welcoming school climate, supervise it appropriately, and clearly articulate
> expectations about acceptable behaviors. We are not also required to
> address allegations of unlawful . . . we are also required to address
> allegations of unlawful bullying, harassment, or discrimination and will
> continue to do so.

The only thing I would ask everyone to understand, and this not [inaudible] this is
just listening to you guys' statement, you need to take this up with your legislators.
Our state rep around here is Matt Hall and I would tell you he would need to have
some action at the state level. We're kind of caught in the middle of it.[5]

**ANSWER:** **Defendants deny that the allegations contain a complete and accurate**

**restatement of the alleged statement.**

57.     This statement by the School Board is factually and legally wrong. The School

Board does not mention and clearly refuses to recognize the precedent in the Sixth Circuit styled

---

[5] https://www.youtube.com/watch?v=6_patNmXnII at [25:12 – 27:43]

*L.W. et al v Skrmetti et al*, 23-5600 (6th Cir.) (recommended for publication). The United States Supreme Court has not recognized "transgender" as a constitutionally protected class. "The Court 'has not recognized any new constitutionally protected classes in over four decades, and instead has repeatedly declined to do so." *Id*. at 12 (quoting *Ondo v City of Cleveland*, 795 F.3d 597, 609 (6th Cir. 2015). Indeed, *Obergefell v. Hodges*, 576 U.S. 644 (2015) declined to address whether gay individuals qualify as a suspect class.

**ANSWER:** **Defendants deny the allegations contained therein for the reason that they are untrue. Further, Defendants deny the allegations to the extent that they are inaccurate and incomplete conclusions of law, rather than allegations of fact, and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court.**

58. Further, this case is a case of first impression in Michigan jurisprudence.

**ANSWER:** **Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.**

59. Nevertheless, Defendants have published misinformation claiming this issue is settled law. Defendants' policy, as described above, is grounded in gender identity theory, which asserts that a person's subjective perception of their own "gender" should be more important in every conceivable setting than sex, one's biological/anatomical status as either male or female.

**ANSWER:** **Defendants deny the allegations contained therein for the reason that they are untrue.**

60. Under gender identity theory, gender is subjectively assumed, not objectively verifiable, exists on a continuum, and is sometimes fluid. By adopting gender identity theory as the basis for regulating access to private facilities, Defendants are violating sex discrimination law by not protecting students based on sex but instead imposing an individual's subjective perception

22

of their gender on other students who value their privacy based on anatomical differences between the sexes.

**ANSWER:** **Defendants deny the allegations contained therein for the reason that they are untrue.**

61.     This practice has had a severe and negative impact on Plaintiffs. For instance, Plaintiffs have experienced embarrassment and humiliation, both in terms of being viewed and viewing a student of the opposite sex in a state of undress and because of the stigmatization and criticism they received from other students and adults, including Defendants, fueled by the administration's policy and actions. Plaintiffs have experienced fear, embarrassment, and humiliation by failing to timely void urine, which has a direct and adverse psychological and physiological effect, and the Defendants' policy inhibits Plaintiffs from timely voiding. Plaintiffs also fear the future embarrassment of meeting students of the opposite sex in the restroom when simply relieving themselves. Plaintiffs now avoid using the restroom during the school day because of the ongoing risk of having their privacy violated. Plaintiffs have lived in fear, embarrassment, and humiliation by knowing their rights and privileges were be mocked and ridiculed by Defendants, the School Board, administrators, teachers, attorneys, and other employees.

**ANSWER:** **Defendants deny the allegations contained therein for the reason that they are untrue.**

62.     Because of the School District's policy and actions, Plaintiffs do not feel secure in the locker rooms or restrooms that are properly set aside for the exclusive use of girls to protect their privacy from exposure to members of the opposite sex.

**ANSWER:** **Defendants deny the allegations contained therein for the reason that they are**

untrue.

63.       Michigan law is clear in MCL 750.355a that any person who "knowingly make[s] any open or indecent exposure of his or her person . . . is guilty of a crime." MCL 750.157a makes it a felony to conspire to permit another person to commit such crime.

**ANSWER:**     **Defendants deny the allegations contained therein for the reason that they are untrue. Additionally, Plaintiffs' allegations contain an inaccurate and incomplete statement of law.**

64.       After Plaintiffs informed Principal Brush and Vice Principal Hawkins that there was a boy in their restrooms exposing himself, Principal Brush and Vice Principal Hawkins indicated that "the law was settled" that students who mentally identify themselves with the opposite sex could choose the locker room and restroom to use, and physical sex did not matter.

**ANSWER:**     **Defendants deny the allegations contained therein for the reason that they are untrue.**

65.       Plaintiffs asked whether there was anything that Principal Brush and Vice Principal Hawkins could do to protect them from this situation of being exposed to the male genitalia in the female locker rooms and restrooms. Principal Brush and Vice Principal Goss responded that there was nothing they could do and "it's fine.".

**ANSWER:**     **Defendants deny the allegations contained therein for the reason that they are untrue.**

66.       Principal Brush and Vice Principal Hawkins told Plaintiffs to "tolerate" it and make it as "natural" as they possibly could. Principal Brush and Vice Principal Hawkins further stated that Plaintiffs should try not to embarrass the male student exposing his genitalia. Rather, the Plaintiffs should simply look the other way and that it was just as awkward for the male student.

**ANSWER:**     **Defendants deny the allegations contained therein for the reason that they are untrue.**

67.     The School District intentionally and purposefully caused Plaintiffs' privacy to be violated. Indeed, the School District did not inform Plaintiffs or their Guardians before they implemented this policy that they were permitting students of the male sex to enter locker rooms and restrooms of students of the female sex in order to use the toilet and fully expose themselves.

**ANSWER:**     **Defendants deny the allegations contained therein for the reason that they are untrue.**

68.     The School District had not informed Plaintiffs or their Guardians that despite the words on locker room and restroom doors, they would no longer protect Plaintiffs' expectation of privacy from viewing or being viewed by members of the opposite sex when they are present in multi-user private facilities such as restrooms and locker rooms.

**ANSWER:**     **Defendants deny the allegations contained therein for the reason that they are untrue.**

69.     The School District's directive to Plaintiffs was that they must change their clothes with students of the opposite sex or use restrooms with students of the opposite sex, and make it as natural as possible, and that anything less would be intolerant and bullying against male students who profess a gender identity with the female sex.

**ANSWER:**     **Defendants deny the allegations contained therein for the reason that they are untrue.**

70.     After Plaintiffs' privacy was violated, the School District's actions marginalized and shamed Plaintiffs, and unlawfully attempted to coerce and intimidate Plaintiffs into accepting continuing violations of their bodily privacy.

**ANSWER:**    **Defendants deny the allegations contained therein for the reason that they are untrue.**

71.    The anxiety, embarrassment, and stress Plaintiffs (as females) feel as a direct result of Defendants' practice and actions has caused them to refrain from using restrooms as much as possible, stress about when and if they can use a given restroom without running into a naked or exposed male person of the opposite sex, and opting to hold their bladder rather than using the school's restroom. This has caused an ever-present distraction throughout the school day, including during class instructional time. In some cases, Plaintiffs have missed classes and school.

**ANSWER:**    **Defendants deny the allegations contained therein for the reason that they are untrue.**

72.    Failing to timely void urine has direct and adverse psychological and physiological effects, and the Defendants' policy inhibits Plaintiffs from timely voiding.

**ANSWER:**    **Defendants deny the allegations contained therein for the reason that they are untrue.**

73.    Plaintiffs' Guardians subsequently met with Superintendent O'Neill in June 2023 to voice their concerns. Superintendent O'Neill brought the School District's attorney to the meeting.

**ANSWER:**    **Defendants deny the allegations contained therein for the reason that they are untrue.**

74.    Plaintiffs' Guardians explained how Plaintiffs' bodily privacy had been violated by the School District's actions and sought answers to ensure it did not happen again. It was then that Principal Brush indicated that the School District is "all-inclusive," the School District was advised by its attorneys that "the law was settled," and that if Plaintiffs had a problem changing or using restrooms with people of the opposite sex, they would give them permission to go to the principal's

office to change or urinate.

**ANSWER:**     **Defendants deny the allegations contained therein for the reason that they are untrue.**

75.     By mandating that Plaintiffs use the principal's office to change or urinate if they want privacy, Defendants have prevented them from using the facilities that, by state and federal law, are provided for use solely by females and that are required to ensure that students of one sex have their privacy protected from members of the opposite sex.

**ANSWER:**     **Defendants deny the allegations contained therein for the reason that they are untrue.**

76.     The School District further marginalized, intimidated, and shamed Plaintiffs by allowing them to be subject to indecent exposure, a criminal act, in violation of MCL 750.335a.

**ANSWER:**     **Defendants deny the allegations contained therein for the reason that they are untrue.**

77.     The School District further marginalized, intimidated, and shamed Plaintiffs by letting it be known to administrators, teachers, attorneys, and other employees of the School District that Plaintiffs had gone to the Principal and Vice Principal over the violation of their bodily privacy. This violated Plaintiffs' right to privacy.

**ANSWER:**     **Defendants deny the allegations contained therein for the reason that they are untrue.**

78.     Plaintiffs felt harassed, shamed, and bullied by the School District's publication to administrators, teachers, attorneys, and other employees about the incident and their concerns.

**ANSWER:**     **Defendants deny the allegations contained therein for the reason that they are untrue.**

79.     The School District and its attorneys then advised Plaintiffs' Guardians that if they were still uncomfortable with the "arrangements" provided, that they could try homeschooling "as an option."

**ANSWER:     Defendants deny the allegations contained therein for the reason that they are untrue.**

80.     The School District's actions have forced Plaintiffs to stop changing in the locker rooms and to stop using the girls' restrooms that are, by state law, specifically designated for females. This has had adverse effects on Plaintiffs' physical and mental health.

**ANSWER:     Defendants deny the allegations contained therein for the reason that they are untrue.**

81.     Plaintiffs feel violated, humiliated, and embarrassed by the invasion of privacy.

**ANSWER:     Defendants deny the allegations contained therein for the reason that they are untrue.**

82.     Because of the privacy violation, as well as the School District's subsequent actions, Plaintiffs have also experienced anxiety, stress, intimidation, fear, apprehension, and loss of dignity.

**ANSWER:     Defendants deny the allegations contained therein for the reason that they are untrue.**

83.     These daily persistent feelings of anxiety, stress, humiliation, embarrassment, apprehension, distress, and violation of privacy stay with Plaintiffs and impact them throughout the day, distracting them from instructional time.

**ANSWER:     Defendants deny the allegations contained therein for the reason that they are untrue.**

84. Plaintiffs are suffering and will continue to suffer irreparable harm because of the Defendants' actions.

**ANSWER:** **Defendants deny the allegations contained therein for the reason that they are untrue.**

85. Plaintiffs have no adequate remedy at law.

**ANSWER:** **Defendants deny the allegations contained therein for the reason that they are untrue.**

## COUNT 1

### VIOLATION OF THE FUNDAMENTAL RIGHT TO PRIVACY IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

### 42 U.S.C. § 1983

86. Plaintiffs realleges all matters set forth above and incorporate them herein.

**ANSWER:** **Defendants hereby incorporate by reference their responses contained in paragraphs 1 through 86 inclusive, as if fully set forth herein**

87. The Fourteenth Amendment protects citizens against violation of fundamental rights by state actors.

**ANSWER:** **Defendants deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, which are either incorrect or inapplicable as applied to the case herein and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court.**

88. Fundamental rights are liberty interests deeply rooted in the nation's history and tradition and implicit in the concept of ordered liberty.

**ANSWER:** **Defendants deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, which are either incorrect or**

**inapplicable as applied to the case herein and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court.**

89.     Plaintiffs have a fundamental right to bodily privacy that, at a minimum, includes protection from intimate exposure of their body and intimate activities to a person of the opposite sex. It also includes the corollary protection from intimate exposure to a male's body or intimate activities.

**ANSWER:     Defendants deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, which are either incorrect or inapplicable as applied to the case herein and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court.**

90.     The fundamental right to bodily privacy as to persons of the opposite sex is deeply rooted in the nation's history and tradition and has been recognized as flowing from the United States Constitution as well as federal and state statutory and common law. See, e.g., *Doe u. Luzerne County*, 660 F.3d 169, 176 n.5 (3d Cir. 2011) (holding that a person has a privacy interest in his or her "partially clothed body," recognized by various sister circuits, and arising out of the Fourteenth Amendment); *Borse v. Piece Goods Shop, Inc*., 963 F.2d 611, 621 (3d Cir. 1992) (recognizing that the collection of urine sample may constitute an invasion of privacy if "it involves the use of one's senses to oversee the private activities of another" since the performance in public of such activities are "generally prohibited by law as well as social custom" and failure to regard privacy "could constitute a substantial and highly offensive intrusion upon seclusion").

**ANSWER:     Defendants deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, which are either incorrect or inapplicable as applied to the case herein and, therefore, leave Plaintiffs to their proofs**

thereon with a final determination to be made by the Court.

91.     More recently on December 30, 2022, the *en banc* Eleventh Circuit, by a vote of 7-4, reversed the decision of the district court, concluding that the school district's policy of keeping boys and girls separate does not violate the Constitution or Title IX. *Adams ex rel. Kasper v. School Board of St. Johns County, Florida*. No. 18-13592 (11th Cir. Dec. 30, 2022) (for publication). In that case, plaintiff Drew Adams, a biological female, was required to use the girls' restroom by the school district. The *en banc* court concluded that "the bathroom policy does not unlawfully discriminate on the basis of biological sex" and stated:

> Indeed, the district court "agree[d] that the School Board has a legitimate interest in protecting student privacy, which extends to bathrooms." Understanding why is not difficult—schoolage children "are still developing, both emotionally and physically." See *Grimm v. Gloucester Cnty. Sch. Bd.*, 972 F.3d 586, 636 (4th Cir. 2020) (Niemeyer, J., dissenting) ("[A]ll individuals possess a privacy interest when using restrooms or other spaces in which they remove clothes and engage in personal hygiene, and this privacy interest is heightened when persons of the opposite sex are present. Indeed, this privacy interest is heightened yet further when children use communal restrooms . . . ."). And even the more generally acceptable notion that the protection of individual privacy will occasionally require some segregation between the sexes is beyond doubt—as then-Professor Ruth Bader Ginsburg noted, "[s]eparate places to disrobe, sleep, [and] perform personal bodily functions are permitted, in some situations required, by regard for individual privacy." Ruth Bader Ginsburg, *The Fear of the Equal Rights Amendment*, Wash. Post, Apr. 7, 1975, at A21 (emphasis added).

**ANSWER:**     **Defendants deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, which are either incorrect or inapplicable as applied to the case herein and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court.**

92.     The fundamental right to bodily privacy is also implicit in the concept of ordered liberty because a government that compels its citizens to disrobe or attend to intimate activities in the presence of the opposite sex violates the core of personal liberty, and it deprives its citizens of the full benefits afforded to its citizens when it conditions those benefits on surrendering the right

to bodily privacy.

**ANSWER:**     **Defendants deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, which are either incorrect or inapplicable as applied to the case herein and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court.**

93.     Throughout its history, American law and society has had a national commitment to protecting citizens, and especially children, from suffering the risk of exposing their bodies, or their intimate activities, to the opposite sex.

**ANSWER:**     **Defendants deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, which are either incorrect or inapplicable as applied to the case herein and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court.**

94.     Our understanding of personal privacy from persons of the opposite sex is so universal as to require the use of separate facilities on the basis of sex in all kinds of contexts. See MCL 380.10 ("It is the natural, fundamental right of parents and legal guardians to determine and direct the care, teaching, and education of their children. The public schools of this state serve the needs of the pupils by cooperating with the pupil's parents and legal guardians to develop the pupil's intellectual capabilities and vocational skills in a safe and positive environment."). See also Mich. Admin Code R. 325.3627 requiring "[a] separate toilet facility for each sex shall be provided."

**ANSWER:**     **Defendants deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, which are either incorrect or inapplicable as applied to the case herein and, therefore, leave Plaintiffs to their proofs**

thereon with a final determination to be made by the Court.

95.     Personal privacy is also recognized in the context of criminal law. For example, it is a misdemeanor to commit "lewd and lascivious" behavior. See MCL 750.335. It is a misdemeanor to commit indecent exposure. See MCL 750.335a. It is a felony to commit "gross indecency." See MCL 750.338, 338a, and 338b.

**ANSWER:**     **Defendants deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, which are either incorrect or inapplicable as applied to the case herein and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court.**

96.     Criminal protections are heightened for children. See, e.g., MCL 750.145a making it a felony for "an act of gross indecency" against children based on age.

**ANSWER:**     **Defendants neither admit nor deny the allegations contained therein for the reason that they constitute incomplete and/or inaccurate allegations of law, rather than allegations of fact, and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court.**

97.     It is illegal to possess, distribute, or even view images of naked children. See MCL 750.145c.

**ANSWER:**     **Defendants deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, which are either incorrect or inapplicable as applied to the case herein and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court.**

98.     Michigan has also criminalized "sexting" pictures of minors. MCL 722.675.

**ANSWER:**     **Defendants deny the allegations contained therein for the reason that they**

**constitute conclusions of law, rather than allegations of fact, which are either incorrect or inapplicable as applied to the case herein and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court.**

99.     Because of our national commitment to protect our citizens, and especially children, from the risk of being exposed to the anatomy of the opposite sex, as well as the risk of being seen by the opposite sex while attending to private, intimate needs, sex-separated restrooms and locker rooms are ubiquitous in public places.

**ANSWER:     Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and is also improper argument, rather than a factual assertion, and, therefore, leave Plaintiffs to their proofs.**

100.     Using public restrooms and locker rooms separated by sex are an American social and modesty norm.

**ANSWER:     Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and is also improper argument, rather than a factual assertion, and, therefore, leave Plaintiffs to their proofs.**

101.     Historically, purposefully entering a restroom or locker room designated for the opposite biological sex has been considered wrongful, and even criminal, behavior.

**ANSWER:     Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, which are either incorrect or inapplicable as applied to the case herein and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court.**

102.     Freedom from the risk of compelled intimate exposure to the opposite sex, especially for minors, is deeply rooted in this Nation's history and tradition.

34

**ANSWER:**    **Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and is also improper argument, rather than a factual assertion, and, therefore, leave Plaintiffs to their proofs.**

103.    It is also implicit in the concept of ordered liberty.

**ANSWER:**    **Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and is also improper argument, rather than a factual assertion, and, therefore, leave Plaintiffs to their proofs.**

104.    The ability to disrobe absent the presence of the opposite sex, along with the freedom to use the restroom absent the presence of the opposite sex is fundamental to most people's sense of self-respect and personal dignity.

**ANSWER:**    **Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and is also improper argument, rather than a factual assertion, and, therefore, leave Plaintiffs to their proofs.**

105.    If the government were granted the far-reaching and extreme power to compel its citizens to disrobe or risk being unclothed in the presence of the opposite sex, then little personal liberty involving our bodies would be left.

**ANSWER:**    **Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and is also improper argument, rather than a factual assertion, and, therefore, leave Plaintiffs to their proofs.**

106.    Because freedom from the risk of compelled exposure to the opposite biological sex, especially for minors, is deeply rooted in this nation's history and tradition and implicit in the concept of ordered liberty, it is a fundamental right. See *Washington v. Glucksberg*, 521 U.S. 702, 721 (1997).

**ANSWER:** **Defendants deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, which are either incorrect or inapplicable as applied to the case herein and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court.**

107.    Specifically: minors have a fundamental right to be free from State compelled risk of exposure of their bodies, or their intimate activities, such as occur within restrooms and locker rooms, to the opposite biological sex.

**ANSWER:** **Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, which are either incorrect or inapplicable as applied to the case herein and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court.**

108.    An abridgement of fundamental rights is presumptively unconstitutional and can only be justified if it survives strict scrutiny under which the law must serve a compelling state interest by the most narrowly tailored means.

**ANSWER:** **Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, which are either incorrect or inapplicable as applied to the case herein and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court.**

109.    The Defendants' actions and practice violated Plaintiffs' fundamental right to privacy because it allows a biological male into the girls' locker room and restroom and has subjected Plaintiffs to being exposed to male genitalia.

**ANSWER:** **Defendants deny the allegations contained therein for the reason that they are untrue.**

110.     Shocked and distressed, Plaintiffs met with Defendant Principal and Vice Principal.

**ANSWER:**     **Defendants deny the allegations contained therein for the reason that they are untrue.**

111.     When Plaintiffs asked to be protected from the situation, they were told that there was nothing the School District could do and that instead, Plaintiffs would have to share the girls' locker room or restrooms with a person of the opposite sex. They were told to tolerate it and make it as natural as possible.

**ANSWER:**     **Defendants deny the allegations contained therein for the reason that they are untrue.**

112.     Even after Plaintiffs' Guardians got involved, they were told that the girls could use the principal's office to change to change or use the restroom, which subjected Plaintiffs to harassment and embarrassment.

**ANSWER:**     **Defendants deny the allegations contained therein for the reason that they are untrue.**

113.     Moreover, the policy harms Plaintiffs because unless they surrender their right to bodily privacy, they can no longer use the locker room or restrooms designated for use by girls without fear of being in the present of naked males.

**ANSWER:**     **Defendants deny the allegations contained therein for the reason that they are untrue.**

114.     Defendants' policy violates the fundamental constitutional principles of separate facilities and denies Plaintiffs the right to use such a facility, instead conditioning the use of the "girls'" locker room and restroom on surrendering their right to bodily privacy from persons of the opposite sex.

**ANSWER:**   **Defendants deny the allegations contained therein for the reason that they are untrue.**

115.     Plaintiffs and their Guardians on multiple occasions brought up the policy with the Principal, the Vice Principal, and the Superintendent, but their requests for a change in the School District's policy were denied.

**ANSWER:**   **Defendants deny the allegations contained therein for the reason that they are untrue.**

116.     Plaintiffs and their guardians were told that the school was no longer going to discuss this issue with them or any parents.

**ANSWER:**   **Defendants deny the allegations contained therein for the reason that they are untrue.**

117.     The Defendants have no compelling interest to justify this violation of Plaintiffs' right to bodily privacy from persons of the opposite sex.

**ANSWER:**   **Defendants deny the allegations contained therein for the reason that they are untrue.**

118.     The violation of this right is particularly acute where, as here, their right was first violated without any notice or consent in a place traditionally reserved for persons of one biological sex.

**ANSWER:**   **Defendants deny the allegations contained therein for the reason that they are untrue.**

119.     The violation was ongoing because it compromises the most intimate aspects of human affairs and involves a setting traditionally reserved for persons of one biological sex. It effectively denies the appropriate use of this setting in a manner conveying sexual harassment and

official bullying, and which is otherwise inconsistent with deeply rooted notions of fundamental personal interests in personal privacy from persons of the opposite biological sex.

**ANSWER:** **Defendants deny the allegations contained therein for the reason that they are untrue.**

120.    Defendants failed to employ the least restrictive means of serving any interest that they may later articulate.

**ANSWER:** **Defendants deny the allegations contained therein for the reason that they are untrue.**

121.    Accordingly, the actions and practice fail strict scrutiny review and are unconstitutional.

**ANSWER:** **Defendants deny the allegations contained therein for the reason that they are untrue.**

WHEREFORE, Defendants, VICKSBURG COMMUNITY SCHOOLS, KEEVIN O'NEILL, STEVE GOSS, ADAM BRUSH and MATTHEW HAWKINS, respectfully request that this Honorable Court enter an order of no cause of action as to Defendants, together with costs and attorney fees so wrongfully sustained.

## COUNT 2

## VIOLATION OF TITLE IX

122.    Plaintiffs reallege all matters set forth above and incorporate them herein.

**ANSWER:** **Defendants hereby incorporate by reference their responses contained in paragraphs 1 through 122 inclusive, as if fully set forth herein**

123.    Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a).

**ANSWER:**   Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, which are either incorrect or inapplicable as applied to the case herein and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court.

124.   The School District is a federal funding recipient for purposes of Title IX.

**ANSWER:**   Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

125.   Courts have given Title IX broad effect in order to combat sex discrimination in the educational setting.

**ANSWER:**   Defendants deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, which are either incorrect or inapplicable as applied to the case herein and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court.

126.   There is an implied right of action for a student to sue his school and school officials under Title IX.

**ANSWER:**   Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, which are either incorrect or inapplicable as applied to the case herein and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court.

127.   Defendants' authorizing people to use restrooms or locker rooms that are designated for the opposite biological sex violates privacy and creates a sexually harassing hostile environment.

**ANSWER:**   Defendants deny the allegations contained therein for the reason that they

constitute conclusions of law, rather than allegations of fact, which are either incorrect or inapplicable as applied to the case herein and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court.

128.    Unconsented exposure to persons of the opposite-sex in various states of undress creates a sexually harassing hostile environment.

**ANSWER:    Defendants deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, which are either incorrect or inapplicable as applied to the case herein and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court.**

129.    The policy of the school is to allow those who self-identify with the opposite biological sex to choose to use locker rooms and restrooms that are designated for the opposite biological sex.

**ANSWER:    Defendants deny the allegations contained therein for the reason that they are untrue.**

130.    Plaintiffs do not object to students of the same sex using private facilities with them, no matter how they self-identify, and they have no expectation of privacy from such students.

**ANSWER:    Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.**

131.    However, the School Districts' policy needlessly subjects Plaintiffs to the risk that their partially unclothed bodies will be exposed to the opposite sex and that they will be exposed to a partially clothed person of the opposite-sex, which has actually occurred when the policy was implemented.

**ANSWER:    Defendants deny the allegations contained therein for the reason that they are**

untrue.

132.    As a result, Plaintiffs experienced embarrassment, humiliation, frustration, degradation, and loss of dignity.

**ANSWER:**    **Defendants deny the allegations contained therein for the reason that they are untrue.**

133.    Plaintiffs have been marginalized by other students on account of their objection to the policy.

**ANSWER:**    **Defendants deny the allegations contained therein for the reason that they are untrue.**

134.    Plaintiffs are avoiding the restroom as a result of the fear and apprehension of embarrassment, humiliation, degradation, and loss of dignity they may experience in the restroom.

**ANSWER:**    **Defendants deny the allegations contained therein for the reason that they are untrue.**

135.    Plaintiffs have altogether ceased using the locker room and restrooms because of the legitimate fear that they will be in a state of undress or exposed to an opposite sex student in a state of undress or be exposed to naked males without their consent.

**ANSWER:**    **Defendants deny the allegations contained therein for the reason that they are untrue.**

136.    The policy violates Title IX because it intentionally produces unwelcome sexual harassment and creates a hostile environment on the basis of sex and denies access to educational programs and benefits.

**ANSWER:**    **Defendants deny the allegations contained therein for the reason that they are untrue.**

137.     In order to make out a Title IX claim: (1) plaintiffs must be subjected to sexual harassment; (2) the harassment must be severe, pervasive, and objectively offensive; (3) the school must be deliberately indifferent to the harassment; and (4) the harassment must result in the denial of access.

**ANSWER:     Defendants deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, which are either incorrect or inapplicable as applied to the case herein and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court.**

138.     Plaintiffs satisfy all elements.

**ANSWER:     Defendants deny the allegations contained therein for the reason that they are untrue.**

139.     First, Plaintiffs have been subjected to harassment because the practice allows biological males to use the girls' locker rooms and restrooms, which creates a harassing hostile environment specifically on the basis of the sex of the persons involved.

**ANSWER:     Defendants deny the allegations contained therein for the reason that they are untrue.**

140.     Differences in anatomy is the only reason for separate facilities. Were there no differences in anatomy, there would be no privacy interests justifying separate facilities in the first place.

**ANSWER:     Defendants deny the allegations contained therein for the reason that they are untrue.**

141.     These differences do not disappear when biological males self-identify as females, and vice versa.

**ANSWER:**    **Defendants deny the allegations contained therein for the reason that they are untrue.**

142.    Neither state nor federal law obligates Defendants to provide multi-user private facilities based on what a student wears, whom the student is sexually attracted to, how the student presents or identifies himself or herself, or based on whether a student identifies with their sex or with the opposite sex.

**ANSWER:**    **Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, which are either incorrect or inapplicable as applied to the case herein and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court.**

143.    The anatomical differences between the sexes is the reason that Title IX and its implementing regulations allow for separate living facilities, restrooms, locker rooms, and changing areas for each biological sex.

**ANSWER:**    **Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, which are either incorrect or inapplicable as applied to the case herein and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court.**

144.    Title IX and its implementing regulations provide for separate living facilities, restrooms, locker rooms, and changing areas for each biological sex based on the recognition that permitting a person of one biological sex to enter and use the facilities designated for the opposite sex would be sexually harassing.

**ANSWER:**    **Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, which are**

either incorrect or inapplicable as applied to the case herein and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court.

145.    The policy, which opens the girls' restrooms and locker rooms to biological males, is harassment based on the girls' sex.

**ANSWER:**    **Defendants deny the allegations contained therein for the reason that they are vague and untrue.**

146.    Plaintiffs have experienced humiliation, degradation, and loss of dignity and fear the same in the future as a result of the policy and practice.

**ANSWER:**    **Defendants deny the allegations contained therein for the reason that they are untrue.**

147.    It is the significant and real anatomical differences between the biological sexes that creates the hostile environment, which is harassment.

**ANSWER:**    **Defendants deny the allegations contained therein for the reason that they are vague and untrue.**

148.    Second, the harassment is severe, pervasive, and objectively offensive.

**ANSWER:**    **Defendants deny the allegations contained therein for the reason that they are untrue.**

149.    Letting biological males use the girls' restrooms and locker rooms places the bodily privacy of both sexes at risk, and so is sufficiently egregious to satisfy the severity prong.

**ANSWER:**    **Defendants deny the allegations contained therein for the reason that they are untrue.**

150.    The harassment is ongoing and continuous, preventing Plaintiffs from using the locker room and discouraging them from using the restrooms, thus satisfying the pervasiveness

prong.

**ANSWER:** **Defendants deny the allegations contained therein for the reason that they are untrue.**

151. The environment is one that a reasonable person would find hostile and objectively offensive, and one that Plaintiffs in fact perceives to be so.

**ANSWER:** **Defendants deny the allegations contained therein for the reason that they are untrue.**

152. The objective unreasonableness is evident in the fact that we have long recognized the right to a private setting, free from persons of the opposite sex, when in a state of undress or performing private functions.

**ANSWER:** **Defendants deny the allegations contained therein for the reason that they are untrue.**

153. This principle is recognized in numerous areas of the law, as stated above.

**ANSWER:** **Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, which are either incorrect or inapplicable as applied to the case herein and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court.**

154. Third, school officials are not only on notice of the hostile environment, but it is the Defendants' policy that establishes and sustains the hostile environment.

**ANSWER:** **Defendants deny the allegations contained therein for the reason that they are untrue.**

155. Moreover, Plaintiffs and their Guardians repeatedly notified the individual Defendants, who then told Plaintiffs and their Guardians that this is what the school will be doing

as a matter of policy.

**ANSWER:**     **Defendants deny the allegations contained therein for the reason that they are untrue.**

156.     The Defendants have authority to rescind their policy which would resolve the hostile environment created by that policy.

**ANSWER:**     **Defendants deny the allegations contained therein for the reason that they are untrue.**

157.     Despite their knowledge that their practice is creating a hostile environment based on sex, the Defendants have not remedied the situation.

**ANSWER:**     **Defendants deny the allegations contained therein for the reason that they are untrue.**

158.     Instead, these officials have advised that, if Plaintiffs perceive the environment to be hostile, Plaintiffs should remove themselves from it by using the principal's office.

**ANSWER:**     **Defendants deny the allegations contained therein for the reason that they are untrue.**

159.     Schools cannot escape liability for Title IX violations by requiring the victim of harassment to remove herself from the hostile environment or otherwise suggesting that she is responsible for the harassment he endures.

**ANSWER:**     **Defendants deny the allegations contained therein for the reason that they are untrue.**

160.     The principal's office "accommodation" creates a separate but unequal facility that violates Title IX.

**ANSWER:**     **Defendants deny the allegations contained therein for the reason that they are**

untrue.

161.    Fourth, Plaintiffs have been effectively denied the use of facilities that are to be provided, pursuant to state and federal law, on account of their biological sex.

**ANSWER:**    **Defendants deny the allegations contained therein for the reason that they are untrue.**

162.    Defendants' policy and actions violate Title IX by creating a hostile environment on the basis of sex.

**ANSWER:**    **Defendants deny the allegations contained therein for the reason that they are untrue.**

WHEREFORE, Defendants, VICKSBURG COMMUNITY SCHOOLS, KEEVIN O'NEILL, STEVE GOSS, ADAM BRUSH and MATTHEW HAWKINS, respectfully request that this Honorable Court enter an order of no cause of action as to Defendants, together with costs and attorney fees so wrongfully sustained.

## COUNT 3

## INVASION OF PRIVACY and INTRUSION UPON SECLUSION

163.    Plaintiffs realleges all matters set forth above and incorporate them herein.

**ANSWER:**    **Defendants hereby incorporate by reference their responses contained in paragraphs 1 through 163 inclusive, as if fully set forth herein**

164.    Defendants purposely opened up the girls' locker room and restroom to a biological male who identified as a female.

**ANSWER:**    **Defendants deny the allegations contained therein for the reason that they are untrue.**

165.    As a result, Plaintiffs found themselves in the presence of a biological male, who was naked.

48

**ANSWER:**     **Defendants deny the allegations contained therein for the reason that they are untrue.**

166.    One's partially clothed body is a private affair, particularly with regards to a member of the opposite sex.

**ANSWER:**     **Defendants deny the allegations contained therein for the reason that they are untrue.**

167.    Defendants' practice, therefore, caused Plaintiffs' private affairs to be intruded upon by being viewed by someone of the opposite sex and intruded upon their privacy by forcing them to be at a place to see a partially clothed male body.

**ANSWER:**     **Defendants deny the allegations contained therein for the reason that they are untrue.**

168.    Laws and social custom have long protected our right to be free from undressing in the view of someone of the opposite sex and to be free from viewing someone of the opposite sex undressing.

**ANSWER:**     **Defendants deny the allegations contained therein for the reason that they are untrue.**

169.    In particular, laws applicable to public schools require separate facilities on the basis of sex, which has always been understood to mean on the basis of biological/anatomical sex.

**ANSWER:**     **Defendants deny the allegations contained therein for the reason that they are untrue.**

170.    Defendants' practice failed to give due regard to Plaintiffs' privacy.

**ANSWER:**     **Defendants deny the allegations contained therein for the reason that they are untrue.**

171.    Therefore, the circumstances in which Plaintiffs found themselves, particularly in a setting designed to be private with regards to persons of the opposite sex, would be highly offensive to the ordinary reasonable person.

**ANSWER:    Defendants deny the allegations contained therein for the reason that they are untrue.**

172.    Plaintiffs lack ongoing access to the girls' locker room and are discouraged in their use of the girls' restroom as a result of this invasion of seclusion.

**ANSWER:    Defendants deny the allegations contained therein for the reason that they are untrue.**

173.    The intrusions by Defendants were and are objectionable and offensive to a reasonable person, including Plaintiffs.

**ANSWER:    Defendants deny the allegations contained therein for the reason that they are untrue.**

174.    "Michigan has long recognized the common-law tort of invasion of privacy." *Lewis v. LeGrow*, 258 Mich.App 175, 193; 670 NW2d 675 (2003).

**ANSWER:    Defendants deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, which are either incorrect or inapplicable as applied to the case herein and, therefore, leave Plaintiffs to their proofs thereon with a final determination to be made by the Court.**

WHEREFORE, Defendants, VICKSBURG COMMUNITY SCHOOLS, KEEVIN O'NEILL, STEVE GOSS, ADAM BRUSH and MATTHEW HAWKINS, respectfully request that this Honorable Court enter an order of no cause of action as to Defendants, together with costs and attorney fees so wrongfully sustained.

## COUNT 4

## NEGLIGENT BREACH OF FIDICUARY DUTY

175.    Plaintiffs realleges all matters set forth above and incorporate them herein.

**ANSWER:**    Defendants hereby incorporate by reference their responses contained in paragraphs 1 through 175 inclusive, as if fully set forth herein

176.    At all times relevant to this litigation, Defendants owed a common law and other fiduciary duties to the Plaintiffs through their position as state actors.

**ANSWER:**    **Defendants deny the allegations contained therein for the reason that they are untrue.**

177.    Defendants negligently breached that duty on more than one occasion when they allowed biological males to enter the girls' bathrooms and locker rooms and such breaches were the actual and proximate cause of harm to Plaintiffs.

**ANSWER:**    **Defendants deny the allegations contained therein for the reason that they are untrue.**

178.    Accordingly, Defendants are liable in damages to Plaintiffs in an amount to be proven at trial, arising out of Defendants' negligent breach of their fiduciary duty to Plaintiffs.

**ANSWER:**    **Defendants deny the allegations contained therein for the reason that they are untrue.**

WHEREFORE, Defendants, VICKSBURG COMMUNITY SCHOOLS, KEEVIN O'NEILL, STEVE GOSS, ADAM BRUSH and MATTHEW HAWKINS, respectfully request that this Honorable Court enter an order of no cause of action as to Defendants, together with costs and attorney fees so wrongfully sustained.

## COUNT 5

## RECKLESS BREACH OF FIDICUARY DUTY

179.    Plaintiffs realleges all matters set forth above and incorporate them herein.

**ANSWER:**    Defendants hereby incorporate by reference their responses contained in paragraphs 1 through 179 inclusive, as if fully set forth herein

180.    At all times relevant to this litigation, Defendants owed a common law and other fiduciary duties to the Plaintiffs through their position as state actors.

**ANSWER:    Defendants deny the allegations contained therein for the reason that they are untrue.**

181.    Defendants recklessly breached that duty on more than one occasion when they allowed biological males to enter the girls' bathrooms and locker rooms and such breaches were the actual and proximate cause of harm to Plaintiffs.

**ANSWER:    Defendants deny the allegations contained therein for the reason that they are untrue.**

182.    Accordingly, Defendants are liable in damages to Plaintiffs in an amount to be proven at trial, arising out of Defendants' negligent breach of their fiduciary duty to Plaintiffs.

**ANSWER:    Defendants deny the allegations contained therein for the reason that they are untrue.**

WHEREFORE, Defendants, VICKSBURG COMMUNITY SCHOOLS, KEEVIN O'NEILL, STEVE GOSS, ADAM BRUSH and MATTHEW HAWKINS, respectfully request that this Honorable Court enter an order of no cause of action as to Defendants, together with costs and attorney fees so wrongfully sustained.

## COUNT 6

## INTENTIONAL BREACH OF FIDICUARY DUTY

183.     Plaintiffs realleges all matters set forth above and incorporate them herein.

**ANSWER:**     Defendants hereby incorporates by reference their responses contained in paragraphs 1 through 183 inclusive, as if fully set forth herein

184.     At all times relevant to this litigation, Defendants owed a common law and other fiduciary duties to the Plaintiffs through their position as state actors.

**ANSWER:     Defendants deny the allegations contained therein for the reason that they are untrue.**

185.     Defendants intentionally breached that duty on more than one occasion when they allowed biological males to enter the girls' bathrooms and locker rooms and such breaches were the actual and proximate cause of harm to Plaintiffs.

**ANSWER:     Defendants deny the allegations contained therein for the reason that they are untrue.**

186.     Accordingly, Defendants are liable in damages to Plaintiffs in an amount to be proven at trial, arising out of Defendants' negligent breach of their fiduciary duty to Plaintiffs.

**ANSWER:     Defendants deny the allegations contained therein for the reason that they are untrue.**

WHEREFORE, Defendants, VICKSBURG COMMUNITY SCHOOLS, KEEVIN O'NEILL, STEVE GOSS, ADAM BRUSH and MATTHEW HAWKINS, respectfully request that this Honorable Court enter an order of no cause of action as to Defendants, together with costs and attorney fees so wrongfully sustained.

## COUNT 7

## DECLARATORY RELIEF

187.    Plaintiffs realleges all matters set forth above and incorporate them herein.

**ANSWER:**    Defendants hereby incorporate by reference their responses contained in paragraphs 1 through 187 inclusive, as if fully set forth herein

188.    An actual controversy has risen and now exists between the parties concerning the following matters:

        a.    Defendants' continuous violations of Plaintiffs' fundamental right to privacy in violation of the Fourteenth Amendment to the United States Constitution as set forth in Count 1 above.

        b.    Defendants' continuous violations of Title IX which have and continue to affect Plaintiffs on a daily basis.

        c.    Defendants' continuous violations of their fiduciary duties as state actors to Plaintiffs which have and continue to affect Plaintiffs on a daily basis.

**ANSWER:**    **Defendants deny the allegations contained therein for the reason that they are untrue.**

189.    Judicial declarations are necessary and appropriate at this time to enable the parties to ascertain their rights and duties to each other.

**ANSWER:**    **Defendants deny the allegations contained therein for the reason that they are untrue.**

WHEREFORE, Defendants, VICKSBURG COMMUNITY SCHOOLS, KEEVIN O'NEILL, STEVE GOSS, ADAM BRUSH and MATTHEW HAWKINS, respectfully request that this Honorable Court enter an order of no cause of action as to Defendants, together with costs and attorney fees so wrongfully sustained.

/s/TIMOTHY J. MULLINS               
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants

DATED: November 6, 2023

## **AFFIRMATIVE DEFENSES**

Defendants, VICKSBURG COMMUNITY SCHOOLS, KEEVIN O'NEILL, STEVE GOSS, ADAM BRUSH and MATTHEW HAWKINS, by and through their attorneys, GIARMARCO, MULLINS & HORTON, P.C., state their Affirmative Defenses as follows:

1.     Plaintiffs have failed to state a claim or cause of action against these Defendants as to which relief can be granted as a matter of fact and/or law.

2.     Defendants will show and rely upon at the time of trial that at all times pertinent hereto, Defendants were engaged in the performance of governmental functions and, therefore, are immune from suit for civil damages for this claim pursuant to the principles of governmental immunity as set forth in case law and the statutes of this State.

3.     The individual Defendants, in whole or in part, are entitled to qualified immunity.

4.     The individual Defendants, in whole or in part, are entitled to absolute immunity.

5.     The School District is entitled to qualified and absolute immunity.

6.     Defendants are entitled to immunity pursuant to the Government Tort Liability Act, MCL 691.1401, et. seq.

7.     Defendants will show at the time of trial that Plaintiffs have failed to mitigate her damages, if any.

8.     Plaintiffs have suffered no harm upon which an award of monetary damages may be based.

9.     Defendant School District can face no liability for Plaintiffs' claims because it had

no policy, practice or custom that abridged any of Plaintiff's statutory or constitutional rights.

10.     Defendant School District has the right to control the activities of its employees and to regulate the time, manner, place and duration of communications disruptive to the educational mission and environment of the school.

11.     Defendants will show at the time of trial that all actions complained of in Plaintiffs' Complaint were absolutely or qualifiedly privileged pursuant to the Constitutions, statutes and common law of the State of Michigan and of the United States, and Defendants never acted or communicated with malice in reference to the Plaintiffs.

12.     Plaintiffs' claims are not judiciable; Plaintiffs' claims are, or will be, moot.

13.     Plaintiffs' claims are barred by estoppel.

14.     Plaintiffs' claims are barred by the statute of limitations.

15.     Defendants will show at the time of trial that Plaintiffs were guilty of negligence or other willful conduct which contributed to the incidents complained of, and her conduct in this regard was the sole or partial cause of any injury complained of, and Plaintiffs' recovery should be barred or diminished to the extent of such conduct.

16.     Defendants will show at the time of trial that they were guided by and strictly observed all legal duties and obligations imposed by law or otherwise; and further, that all actions of any of Defendants' agents, servants, employees or associates were careful, prudent, proper and lawful.

17.     Defendants will show and rely upon at the time of trial that there was no discriminatory intent.

18.     Plaintiffs may have failed to exhaust their administrative remedies.

19.     Plaintiffs have failed to join a necessary party.

20.     Defendants' actions are based on good faith reliance on Federal and State Government Regulatory Compliance and following directives of Federal and State government, such as the United States Department of Education.

21.     Defendants reserve the right to amend their Answer, including additional affirmative defenses, upon completion of investigation and discovery of this cause.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants

DATED: November 6, 2023

## RELIANCE UPON JURY DEMAND

Defendants, VICKSBURG COMMUNITY SCHOOLS, KEEVIN O'NEILL, STEVE GOSS, ADAM BRUSH and MATTHEW HAWKINS, by and through their attorneys, GIARMARCO, MULLINS & HORTON, P.C., hereby rely upon the jury demand previously filed by Plaintiffs as to all issues of trial.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants

DATED: November 6, 2023

## CERTIFICATE OF ELECTRONIC SERVICE

TIMOTHY J. MULLINS states that on November 6, 2023, he did serve a copy of the **Answer, Affirmative Defenses and Reliance Upon Jury Demand** via the United States District Court electronic transmission.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7020
tmullins@gmhlaw.com
P28021

57