UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAZEN VERMEULEN, MORGEN GROSSETT, by and through her parent and next friend Cassanda Byers, AVA VERMEULEN, by and through her parent and next friend Elizabeth Cutshaw, and KAMI WILSON, by and through her parent and next friend April Wilson

    Plaintiffs

v.

VICKSBURG COMMUNITY SCHOOLS; KEEVIN O'NEILL in his official capacity as Superintendent of Vicksburg Community Schools; STEVE GOSS in his official capacity as Assistant Superintendent of Vicksburg Community Schools; ADAM BRUSH in his official capacity as Principal of Vicksburg High School; MATTHEW HAWKINS in his official capacity as Vice Principal of Vicksburg High School;

    Defendants.
_____/

Case No. 1:23-cv-00901

HON. ROBERT J. JONKER

## JOINT STATUS REPORT

A Rule 16 Scheduling Conference is scheduled for November 30, 2023 before the Honorable Robert J. Jonker, Courtroom 699, Ford Federal Building, 110 Michigan, N.W., Grand Rapids, Michigan. Appearing for the parties as counsel will be:

Plaintiffs:                                 Matthew S. DePerno (P52622)
                                            DEPERNO LAW OFFICE, PLLC
                                            951 W. Milham Avenue
                                            PO Box 1595
                                            Portage, MI 49081
                                            (269) 321-5064
                                            matthew@depernolaw.com

Defendants:                               Timothy J. Mullins (P28021)
                                            GIARMARCO, MULLINS & HORTON, PC
                                            101 W. Big Beaver Road, 10th Floor
                                            Troy, MI 48084
                                            (248)457-7020
                                            tmullins@gmhlaw.com

1. <u>Jurisdiction</u>:

   This action arises under 42 U.S.C. §§ 1983 *et seq.* (the "Civil Rights Act") to redress the deprivation of rights secured by the Fourteenth Amendment to the United States Constitution, 20 U.S.C. §§ 1681 *et seq.* ("Title IX"), the Michigan Constitution and common law, and the Revised School Code.

   This Court also has original jurisdiction and subject matter jurisdiction pursuant to 28 U.S.C. Section § 1331 (as this action involves a federal question and the laws of the United States) and 28 U.S.C. Section § 1343 (as this action involves the right to recover damages for injury and the deprivation of rights and privileges.) See also 28 U.S.C. §§ 1361, and 1367.

   Jurisdiction is also conferred upon this Court by 28 U.S.C. § 1343(a)(3) and (4), 28 U.S.C. § 2201 & 2202, and 42 U.S.C. § 1983, 1985, and 1988, this being an action for declaratory judgment and equitable relief authorized by law to redress deprivations and violations under color of law of rights, privileges, and immunities secured by the United States Constitution and Michigan Constitution of 1963, as amended. See also Federal Rule of Civil Procedure 57.

   The Court has jurisdiction to award nominal and compensatory damages under 28 U.S.C. § 1343(a)(4).

   The Court has jurisdiction to award reasonable attorneys' fees and costs under 28 U.S.C. § 2412, 42 U.S.C. § 1988.

   This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' state-law claims that are related to, and form part of, the same case or controversy. It is appropriate that this Court exercise supplemental jurisdiction over the state law claims because they involve the same parties and operative facts as the federal claims. Therefore, the Court's exercise of supplemental jurisdiction will further economy, convenience, and fairness to the parties.

   Pendant state law claims: Count 3: Invasion of privacy and intrusion upon seclusion; Count 4: Negligent breach of fiduciary duty; Count 5: Reckless breach of fiduciary duty; Count 6: Intentional breach of fiduciary duty.

2. <u>Jury or Non-Jury</u>:

   This case is to be tried before a jury.

3. <u>Judicial Availability</u>:

   The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4. <u>Statement of the Case</u>:

   <u>Plaintiffs state</u>: Plaintiffs bring this case under 42 U.S.C. §§ 1983 *et seq.* (the "Civil Rights Act") to redress the deprivation of rights secured by the Fourteenth Amendment to the

2

United States Constitution, 20 U.S.C. §§ 1681 *et seq.* ("Title IX"), the Michigan Constitution and common law, and the Revised School Code.

Plaintiffs are female students who are or were properly and legally enrolled at Vicksburg Community High School. Defendants have established a policy by which male students are permitted to enter and use the female student restrooms and locker rooms. This policy has apparently been in effect for several years. This policy was intentionally kept from parents. When certain female students encountered a biological male in their restroom, they contacted the school principal. The principal stated "there is nothing they could do" or that "the law is settled" and that the school will continue to allow biological males to use the girls' restrooms and locker rooms. Indeed, the Defendants secretly authorized a male student to have unrestricted access to enter and use girls' private facilities. Defendants knew that if they publicly announced this plan, they would be met with considerable opposition. The principal also told Plaintiffs that "it's fine," the Plaintiffs should "tolerate" it and make it as "natural" as they possibly could, that Plaintiffs should try not to embarrass the male student exposing his genitalia, and that the Plaintiffs should simply look the other way and that it was just as awkward for the male student.

Plaintiffs have a reasonable expectation that they would have privacy in the locker rooms and restrooms in the school from viewing members of the opposite sex or from being viewed by members of the opposite sex. No student should be forced to use multi-user private facilities at school, like locker rooms and restrooms, with students of the opposite sex. No school district should violate its students' constitutional and statutory rights, especially when it means abandoning a common-sense practice that long protected every student's privacy and access to education. Yet the Defendants have taken precisely these actions in this case.

Defendants have violated Plaintiffs rights under the Fourteenth Amendment. Fundamental rights are liberty interests deeply rooted in the nation's history and tradition and implicit in the concept of ordered liberty. Plaintiffs have a fundamental right to bodily privacy that, at a minimum, includes protection from intimate exposure of their body and intimate activities to a person of the opposite sex. It also includes the corollary protection from intimate exposure to a male's body or intimate activities.

Defendants have also violated Title IX, which states that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Defendants' authorizing people to use restrooms or locker rooms that are designated for the opposite biological sex violates privacy and creates a sexually harassing hostile environment. Unconsented exposure to persons of the opposite-sex in various states of undress creates a sexually harassing hostile environment. The policy of the school is to allow those who self-identify with the opposite biological sex to choose to use locker rooms and restrooms that are designated for the opposite biological sex.

<u>Defendants state</u>:

Defendants deny Plaintiffs' allegations. The School District does not have a specific bathroom policy. The District maintains anti-discrimination policies, which apply to all

3

students. As to the allegations in this case, the transgender student that Plaintiffs identified no longer attends the School District. There has never been any suggestion before the filing of this lawsuit, much less evidence, that any transgender student ever used the bathroom facilities in an inappropriate manner or exposed their genitalia to any students.

Defendants deny that the fundamental right of privacy is implicated. Gender affirming facility access does not implicate the interest in preventing bodily exposure. The District's bathrooms have stalls with locking doors that protect individuals' privacy. As the Seventh Circuit observed, "[c]ommon sense tells us that the communal restroom is a place where individuals act in a discrete manner to protect their privacy and those who have true privacy concerns are able to utilize a stall." *AC v. Metropolitan School Dist.*, 75 F.4th 760, 773 (7th Cir. August 1, 2023). There is no evidence that a transgender student was any less discrete than any other student while using the bathroom or that the stall doors in the bathroom do not provide adequate privacy to all.

Additionally, all students have access to single user bathrooms.

Even if a fundamental right is implicated, governmental entities may still take action that allegedly impacts fundamental rights if there is a compelling governmental reason to do so. Actions taken to prevent discrimination against transgender individuals is such a compelling reason. The interest in prohibiting discrimination is particularly critical in the context of education.

Defendants also have not violated Title IX. Circuit Courts have found that transgender students are protected by Title IX and may use restrooms and facilities corresponding to their gender identity.

Plaintiffs' tort claims are barred by governmental immunity.

5. <u>Joinder of Parties and Amendment of Pleadings</u>:

   The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by December 8, 2023.

6. <u>Disclosure and Exchanges</u>:

   Rule 26(a) mandates particular disclosures that apply on a self executing timetable in the absence of contrary court order. Describe in the Joint Status Report what the parties propose regarding these categories of disclosure. In addition, this Court will require a preliminary disclosure of potential lay witnesses earlier than Rule 26(a)(3) would otherwise require. Propose a date for this disclosure in the Joint Status Report. NOTE: Rule 26(e) provides the duty to supplement applicable disclosures and discovery responses. All parties must comply with this duty, and Rule 37 sanctions apply.

   (i) Rule 26(a)(1) disclosures: The parties will exchange initial disclosures on or before **December 29, 2023**.

   (ii) Rule 26(a)(2) disclosures: The parties will exchange the names of expert witness(es) by **February 29, 2024**. Rebuttal experts shall be named by March 30,

    2024. It is advisable in this case to exchange written expert witness reports as contemplated by Rule 26(a)(2). Reports, if required, should be exchanged according to the following schedule:

    Expert witness reports to be exchanged by **May 31, 2024**.

    Rebuttal expert witness reports by **June 30, 2024**.

(iii)   Rule 26(a)(3) disclosures: It is advisable in this case to exchange pretrial disclosures as contemplated by Rule 26(a)(3) according to the following schedule:

    Rule 26(a)(3) disclosures must be made at least 30 days before trial.

    Objections as contemplated by Rule 26(a)(3) must be made within 14 days after receipt of the pretrial disclosures.

(iv)   The parties have agreed to make available the following documents without the need of a formal request for production:

    From plaintiff to defendant by: December 15, 2023 (describe documents): nothing to provide.

    From defendant to plaintiff by: December 15, 2023 (describe documents): District's policies, which are published on the District's website.

(v)   Initial disclosure of potential lay witness shall be made with the Rule 26(a)(1) disclosures on or before **December 29, 2023**.

7. Discovery:

    The parties believe that all discovery proceedings can be completed by **July 31, 2024**. The parties recommend the following discovery plan:

8. Motions:

    The parties anticipate that all dispositive motions will be filed by **August 2, 2024**. (30 days after the close of discovery). The parties acknowledge that it is the policy of this Court to prohibit the consideration of non-dispositive discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

9. Alternative Dispute Resolution:

    The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution:

    Plaintiffs: Plaintiffs are open to mediation as dispute resolution.

Defendants: Defendants are open to mediation or alternative dispute resolution.

10. <u>Length of Trial</u>:

    Counsel estimate the trial will last approximately 7 days, total, allocated as follows:

    4 days for Plaintiffs' case

    3 days for Defendants' case

    The parties reserve the right to amend their proposed trial calendar, depending on discovery.

11. <u>Prospects of Settlement</u>:

    The status of settlement negotiations is: There has been no progress toward reaching a settlement to date.

12. <u>Electronic Filing System</u>:

    Counsel are reminded that Local Civil Rule 5.7(a) now requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. *Pro se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a *prose* party must file documents electronically but serve pro se parties with paper documents in the traditional manner.

13. <u>Other</u>:

    Set forth any special characteristics that may warrant extended discovery, accelerated disposition by motion, or other factors relevant to the case: <u>None</u>.

Date: November 22, 2023

| | |
|---|---|
| */s/ Matthew S. DePerno* | */s/ Timothy J. Mullins* |
| Matthew S. DePerno (P52622) | Timothy J. Mullins (P28021) |
| Attorney for Plaintiffs | Attorney for Defendants |
| 951 W. Milham Avenue | 101 W. Big Beaver Road, 10th Floor |
| PO Box 1595 | Troy, MI 48084 |
| Portage, MI 49081 | (248)457-7020 |
| (269) 321-5064 | tmullins@gmhlaw.com |
| matthew@depernolaw.com | |