UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAZEN VERMEULEN; MORGEN
GROSSETT, by and through her parent and
Next Friend, CASSANDA BYERS; AVA
VERMEULEN, by and through her parent and
Next Friend, ELIZABETH CUTSHAW; and
KAMI WILSON, by and through her parent and
Next Friend, APRIL WILSON,

       Plaintiffs,                            Judge Robert J. Jonker
                                                Magistrate Judge Ray Kent

v                                               No. 23-00901

VICKSBURG COMMUNITY SCHOOLS,
KEEVIN O'NEILL, STEVE GOSS, ADAM
BRUSH and MATTHEW HAWKINS,

       Defendants.
_____/

| | |
|---|---|
| MATTHEW S. DEPERNO (P52622) | TIMOTHY J. MULLINS (P28021) |
| DEPERNO LAW OFFICE, PLLC | KENNETH B. CHAPIE (P66148) |
| *Attorney for Plaintiffs* | LINDSAY P. HAZEN (P85861)) |
| 951 W. Milham Avenue | GIARMARCO, MULLINS & HORTON, P.C. |
| PO Box 1595 | *Attorneys for Defendants* |
| Portage, MI 49081 | 101 W. Big Beaver Road, 10th Floor |
| (269) 321-5064 | Troy, MI 48084-5280 |
| matthew@depernolaw.com | (248) 457-7020 |
| | tmullins@gmhlaw.com |
| | kchapie@gmhlaw.com |
| | lhazen@gmhlaw.com |

# Defendants' Motion to Compel Discovery and Extend Scheduling Order Deadlines

Defendants file this motion requesting the Court enter an order compelling Plaintiffs to fully respond to discovery. Defendants further request that the Court adjourn dates in its current scheduling order.

**Background**

1.      Plaintiffs filed suit against Defendants, Vicksburg Community Schools, Keevin O'Neill, Steve Goss, Adam Brush and Matthew Hawkins, related to the District's non-discrimination policy. Plaintiffs allege that the District's policy allows transgender students to use bathrooms and locker rooms which correspond with their gender identity. As part of the lawsuit, Plaintiffs repeatedly allege that each Plaintiff was exposed to male genitalia and that Plaintiffs have suffered physical and emotional injuries as a result.

2.      On March 6, 2024, Defendants served each Plaintiff with interrogatories and requests to produce documents, pursuant to Fed. R. Civ. P. 33 and 34. (**Exhibit A**).

3.      Plaintiffs requested multiple extensions in which to respond to Defendants' discovery requests. (**Exhibit B**).

4.      More than 30 days after being served with the discovery requests, each Plaintiff served responses to Defendants' discovery on April 29, 2024. (**Exhibit C**).

5.      Plaintiffs' responses were wholly inadequate. Plaintiffs objected to nearly every discovery request without providing any responsive information.

**Deficient Responses**

6.      For example, on at least *nine* occasions in Plaintiffs' complaint, Plaintiffs vaguely allege that male students exposed their genitalia to Plaintiffs, without providing any specifics. Defendants' discovery requests asked Plaintiffs to identify the incidents of the alleged exposure and to provide specifics. Defendants also sent requests to produce asking Plaintiffs to provide documents, records and evidence to support the allegations.

7.      Plaintiffs refused to provide any of the information. Instead, Plaintiffs first absurdly claim that it is too "premature" to determine when the alleged incidents occurred despite having

filed their lawsuit over one year ago. Plaintiffs compound the absurdity by then claiming that the information sought – information and evidence substantiating the very claims made in their lawsuit – is "protected by the attorney-client privilege and/or attorney-work product doctrine."

8.      Plaintiffs' responses to interrogatories and document production requests related to damages are equally confounding.

9.      Plaintiffs' complaint alleges that Plaintiffs suffered emotional and physical harm as a result of Defendants' alleged actions. See ECF No. 7 PageID 72-73. This included "adverse psychological and physiological" damage to students from allegedly having been told to hold urine, and anxiety and stress, which can have a physiological affect.

10.     Interrogatories 1 and 2 seek information regarding Plaintiffs' claim of damages. Specifically, Defendants requested that Plaintiffs produce their evidence substantiating the claims of physical and emotional damages, including identifying medical providers and producing medical records to substantiate the claims.

11.     Plaintiffs have refused to provide any responsive information, despite Defendants offering to enter a protective order.

12.     Defendants cannot defend against any claims of alleged damages if Defendants do not have this basic information. This information is necessary for multiple reasons, including to verify Plaintiffs' claims and, if true, for determining causation.

13.     Defendants also requested information related to witnesses and the information they may provide to support Plaintiffs' claims. This included asking Plaintiffs to identify all evidence and witnesses supporting Plaintiffs' allegation that the District maintains a policy that male students may use bathrooms and locker rooms with female students.

14.     Plaintiffs provided no information regarding their false policy claim.

15.     Plaintiffs objected based on attorney-client privilege and attorney work product privilege.

16.     Plaintiffs have filed suit under Title IX. The only damages available are contract damages. Other than stating there are no wage loss damages, Plaintiffs have refused to identify if, or to what extent, other alleged contract or economic damages exist.

17.     Defendants requested the information, records, evidence, and documentation supporting Plaintiffs' all-encompassing claim made eight different times in their complaint that "female students" at the school district are fearful of using the bathrooms and locker rooms.

18.     Plaintiffs have not provided any response substantiating their claims that the female students of the District are fearful of using the bathrooms; Plaintiffs have only claimed that each Plaintiff generically was fearful, without any supporting evidence.

19.     As a result of Plaintiffs failing to comply with discovery, Defendants do not have sufficient time to properly complete discovery and prepare their defense in the time allowed.

20.     Due to the above and in light of the complexity of the allegations, more time is necessary to adequately defend this matter.

### Concurrence

21.     In accordance with L.R. 7.1(a)(2), Defendants sought concurrence. Concurrence has not been granted.

22.     Plaintiffs have ignored Defendants' attempts to retrieve information despite Defendants' efforts to obtain such information through proper modes of discovery.

23.     Defendants' counsel has emailed Plaintiffs' counsel on multiple occasions in an attempt to resolve this discovery issue in good faith and out of court. (**Exhibit D; Exhibit E**). Plaintiffs' counsel failed to respond to these attempts.

**Applicable Law**

24.     Federal Rule of Civil Procedure 26 allows for discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b).

25.     "'[A]n evasive or incomplete disclosure, answer, or response' is considered a 'failure to disclose, answer, or respond.'" *CUCS Unlimited Contracting Services, Inc. v. Comdata Inc.,* No. 3:17-cv-01158, 2019 WL 483313, at *3 (M.D. Tenn. Feb. 7, 2019) (quoting Fed. R. Civ. P. 37(a)(4)).

26.     Fed. R. Civ. P. 37(a)(3)(A), (a)(3)(B)(iii)-(iv); authorizes this Court to compel Plaintiffs to provide Defendants with complete responses to all outstanding discovery.

27.     Further, Federal Rule of Civil Procedure 37(a)(5)(A) requires this Court to award reasonable expenses and attorney fees to Defendants resulting from Plaintiff's failure and/or refusal to cooperate with discovery. *See also CUCS Unlimited Contracting Services, Inc.*, 2019 WL 483313, at *3; *see also Scozzari v. City of Clare*, No. 08-10997-BC, 2009 WL 23017 (E.D. Mich. Jan. 29, 2009).

28.     Fed. R. Civ. P. 16(a)(4), authorizes this Court to modify its Scheduling Order for good cause. Good cause exists here, as the extension would prevent Defendants from being prejudiced due to Plaintiffs' refusal to produce discovery.

**Requested Relief**

29.     Defendants respectfully request an Order requiring Plaintiffs to answer interrogatories, provide witness statements, and provide a detailed privilege log within seven days, without objection.

30.     Defendants also respectfully request an Order awarding reasonable expenses

incurred in the making of this motion, including attorney's fees.

31.     Defendants further respectfully request that the Court adjourn its Scheduling Order dates sixty (60) days to prevent Defendants from being prejudiced due to Plaintiffs' refusal to produce discovery.

### Conclusion

Wherefore, Defendants respectfully request the Court (1) grant their Motion; (2) enter an Order compelling Plaintiffs to respond fully to discovery requests within seven days, without objection; (3) enter an Order extending deadlines 60 days; and (4) award Defendants attorney's fees and costs.

/s/KENNETH B. CHAPIE
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7048
kchapie@gmhlaw.com
P66148

DATED: June 19, 2024

## BRIEF IN SUPPORT OF DEFENDANTS'
## MOTION TO COMPEL DISCOVERY

## STATEMENT OF ISSUES PRESENTED

**ISSUE 1:**  Should the Court enter an Order compelling Plaintiffs to fully respond to Defendants'

discovery requests?

**YES.**

## MOST CONTROLLING AUTHORITY

- Fed. R. Civ. P. 37 (stating that the Court shall award costs and attorney fees as a result of a party's failure to respond to discovery and authorizing the court to enter an order compelling discovery).

**ISSUE 2:**  Should the dates contained in the Court's Scheduling Order be adjourned for 60 days

to prevent Defendants from being prejudiced due to Plaintiffs' refusal to respond to discovery?

**YES.**

## MOST CONTROLLING AUTHORITY

- Fed. R. Civ. P. 16

## RELEVANT FACTS

On March 6, 2024, Defendants properly served Plaintiffs with their First Set of Interrogatories and Requests for Documents in accordance with Fed. R. Civ. P. 33 and 34. (**Exhibit A**). On March 28, 2024, and again on April 18, 2024, Plaintiffs requested an extension of time to respond. (**Exhibit B**). Defendants granted these extension. (Id.). However, when Plaintiffs finally responded to the discovery requests on April 29, 2024, Plaintiffs refused to answer nearly all of the discovery requests. (**Exhibit C**). Plaintiffs instead objected to producing this discovery, citing inappropriate reasons such as the request was premature or asked for attorney-client privileged information.

Defendants' counsel conferred with Plaintiffs' counsel about their deficient discovery responses. On May 13, 2024, Defendants sent Plaintiffs correspondence outlining the deficiencies with their discovery requests and then had a telephone conversation discussing the same. (**Exhibit D**). Plaintiffs did not amend their discovery responses. On June 5, 2024, Defendants notified Plaintiffs that they intended to file a motion to compel discovery responses. (**Exhibit E**). Plaintiffs' counsel then responded that he would work on the responses. Since then, Plaintiffs have refused to supplement any responses. Thus, Defendants file the instant Motion to Compel Discovery.

Based on Plaintiffs' answers to Defendants' interrogatories and requests to produce, it appears Plaintiffs have not fully answered all interrogatories and withheld relevant documentation. Under the Federal Rules for Civil Procedure, incomplete answers to interrogatories constitute a failure to answer. *See* Fed. R. Civ. P. 37(a)(4). Plaintiffs' deficient discovery responses can be grouped into three main categories: evidence supporting the allegations in the Amended Complaint, medical records, and proof of damages. Plaintiff should not be permitted to avoid discovery relevant to a topic they have put to issue. *McCormick v. Brzezinski*, No. 08-CV-

10075, 2008 WL 4965343, at *2 (E.D. Mich. Nov. 18, 2008) (compelling plaintiff "to provide medical history which Plaintiff has put at issue by claiming damages for physical and emotional injuries").

Because of Plaintiffs' inadequate discovery responses and ongoing refusal to cooperate in the discovery process, Defendants require more time to complete discovery, obtain the necessary information to defend this case, conduct depositions, and draft dispositive motions. Thus, Defendants now request that this Court issue an Order compelling Plaintiffs to answer Defendants' discovery and extend deadlines in this matter by 60 days.

## LAW AND ARGUMENT

Federal Rule of Civil Procedure 26 allows broad discovery in civil litigation, including "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1); *Lewis v. ACB Bus. Servs., Inc*., 135 F.3d 389, 402 (6th Cir. 1998). The scope of discovery under Rule 26 is "broader than that permitted at trial. The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." *Mellon v. Cooper–Jarrett, Inc*., 424 F.2d 499, 501 (6th Cir.1970). Even though all material obtained through discovery may not be offered or admitted at trial, "[m]utual knowledge of all the relevant facts ... is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507–08, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

The scope of discovery is "within the sound discretion of the trial court[.]" *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008). Rules 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party. Fed. R. Civ. P. 33, 34. A motion to compel discovery may be filed when a party fails to answer interrogatories under Rule 33, produce documents requested under Rule 34, and provide a detailed privilege log under Rule 26(b). Fed. R. Civ. P. 37(a)(3)(A), (a)(3)(B)(iii)-(iv); *see CUCS Unlimited Contracting Services, Inc. v.*

*Comdata Inc.*, No. 3:17-cv-01158, 2019 WL 483313, at *3 (M.D. Tenn. Feb. 7, 2019); *see also Scozzari v. City of Clare*, No. 08-10997-BC, 2009 WL 23017 (E.D. Mich. Jan. 29, 2009). If a court grants a Rule 37 motion to compel, or if discovery is received after a Rule 37 motion is filed, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. Fed. R. Civ. P. 37(a)(5)(A).

Rule 16 of the Federal Rules of Civil Procedure grants this Court discretion to extend scheduling order dates upon good cause shown. The good cause element requires the moving party to exercise diligent efforts to meet the deadlines set by the court's scheduling order. *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014). Courts also consider any prejudice the opposing party may incur by adjourning scheduling order dates. *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003).

## I. DEFENDANTS REQUEST AN ORDER COMPELLING PLAINTIFFS TO PRODUCE DISCOVERY RESPONSES WITHOUT OBJECTION.

Fed. R. Civ. P. 26(b)(1) requires Plaintiffs to produce responsive non-privileged documents that are "relevant to any party's claim or defense and proportional to the needs of the case." In evaluating the proportionality of a request, the Court should consider the "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1); *Rockwell Med., Inc., v. Richmond Bros., Inc.*, 2017 WL 1361129, at *1 (E.D. Mich. Apr. 14, 2017). "Rule 26(b) is to be liberally interpreted to permit wide-ranging discovery of information, even if that information is not ultimately admitted at trial." *Harco Nat. Ins. Co. v.*

*Sleegers Eng'g, Inc.*, 2014 WL 5421237, at *4 (E.D. Mich. Oct. 22, 2014); *see also Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Here, Defendants served Plaintiffs with a number of proportional and relevant requests for documents and communications. (**Exhibit A**). Now, it appears Plaintiffs have not fully answered all interrogatories and withheld relevant documentation. Further, Defendants have provided Plaintiffs with voluminous discovery.

The Sixth Circuit has found that a plaintiff's repeated failure to cooperate in discovery is highly prejudicial to the defendant. When a plaintiff's failure to cooperate in discovery requires the defendant to incur the expense of numerous motions and proceedings, that otherwise would not have been necessary, this also amounts to prejudice. *Technology Recycling Corporation v. City of Taylor,* 186 F. Appx. 624, 635 (6th Cir. 2006). This is especially true when it impairs the ability to prepare a defense. *See Wittman v. Wilson*, 95 Fed. Appx. 752, 754 (6th Cir. 2004) ("[T]he existence of prejudice is clear because he undermined [the] defendants' ability to defend this case."); *see Bass v. Jostens, Inc.*, 71 F.3d 237, 242 (6th Cir. 1995). For example, in *Bass*, the Sixth Circuit found that the plaintiff's refusal to completely answer interrogatories and produce documents relevant to the allegations in her complaint for over a year was prejudicial. *Id.* The court reasoned that the plaintiff's failure to cooperate prevented the defendant from gathering evidence to support its defense. *Id.*

It is the objecting party's burden to explain why it should be excused from compliance with a discovery request. *See* Fed. R. Civ. P. 26(b)(2)(C), (c)(1); *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) ("[t]o justify restricting discovery, the harassment or oppression should be unreasonable"). To satisfy this burden, "[t]he grounds for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(4); *see also id*. at Rule 34(b)(2)(B) ("For each item or category, the response must either state that inspection and related activities will be permitted

as requested or state an objection to the request, including the reasons"). The general rule is that a party waives any objection by failing to object or move for a protective order within 30 days of being served with the requests. *Siser N. Am., Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 210 (E.D. Mich. 2018). A party's failure to answer interrogatories or requests for production of documents "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2).

Fed. R. Civ. P. 37(a)(1) provides that a party may move to compel discovery after the party "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). As set forth above, Defendants have made every effort to confer in good faith and give Plaintiffs' attorney the opportunity to produce documents, but still, Plaintiffs have not fully complied. (Exhibit B; Exhibit D; Exhibit E). Accordingly, an order compelling production is appropriate and necessary.

### a. Discovery Responses Related to the Allegations in Plaintiffs' Amended Complaint are Deficient.

Plaintiffs have made multiple inflammatory allegations in their complaint. This includes repeatedly claiming that: Defendants allow male students to use female locker rooms, Plaintiffs were exposed to male genitalia, and the female students in the District are afraid to use the restrooms and locker rooms. Plaintiffs refused to produce *any* evidence to support these claims. Plaintiffs claim it is too premature to determine when or if Plaintiffs were ever exposed to male genitalia. But if they make such a claim, they should know if and when the alleged exposure occurred. Plaintiffs also absurdly claim that the evidence and information regarding the very subjects of their lawsuit is protected by the attorney-client privilege.

Additionally, Plaintiffs were asked to identify the witnesses and produce statements they

obtained from these witnesses. Plaintiffs have refused to identify the witnesses or produce the statements, claiming the statements are privileged. This is not privileged information.

The work product doctrine protects written material and mental impressions prepared or formed by an attorney in anticipation of litigation from discovery, in the absence of undue prejudice or hardship. Fed. R. Civ. P. 26(b)(3)(A); *Hickman v. Taylor*, 329 U.S. 495, 510-14 (1947). But a statement from a witness is different. The statements of a witness about what that witness knows or saw "records the mental impressions and observations of the witness himself and not those of the attorney.'" *Carr v. Lake Cumberland Reg'l Hosp*., LLC, 2017 WL 6211079, at *2 (E.D. Ky. Oct. 16, 2017), aff'd sub nom. *Carr v. Lake Cumberland Reg'l Hosp*., 2017 WL 5490916 (E.D. Ky. Nov. 15, 2017). Indeed, following that logic, the Courts in this Circuit have regularly found that witness statements are not protected work product. For example, in *Zimmerman v. Wells Fargo Advisors, LLC*, No. 15-CV-14311, 2016 WL 11601249, at *3 (E.D. Mich. Feb. 8, 2016), the Court held:

> recording of a witness's statement does not constitute work product because "verbatim recordings do not contain the types of 'mental impressions, conclusions and opinions' typically protected by the work product doctrine." *In re Packaged Ice Antitrust Litig.*, No. 08-MD-01952, 2011 WL 1790189, at *10 (E.D. Mich. May 10, 2011). The same reasoning applies to transcripts of witness statements. *Id*. An attorney's notes, produced "contemporaneously during" interviews do not constitute protected work-product where "[t]he notes do not contain ... legal strategies, mental impressions, conclusions, opinions, or legal theories" but "are simply handwritten notes taken contemporaneously during employee interviews...." *Nelson v. NAV-RENO-GS, LLC*, No. 3:12-CV-0165-LRH VPC, 2013 WL 2475862, at *3 (D. Nev. June 7, 2013).

Therefore, witness statements that record witness's mental impressions are not attorney work product.

### b.  Discovery Responses Related to Medical Records are Deficient.

Plaintiffs claim that they suffered physical and emotional distress as a result of the allegations in their lawsuit. For example, Plaintiffs alleged that they were forced to hold their

bladder due to the Defendant's alleged nondiscrimination policy. ECF No. 7 PageID 72, para. 72. This has allegedly resulted in "adverse psychological and physiological effects" to Plaintiffs.  Id. at PageID 73, para. 73.

Naturally, Defendants sent Plaintiffs discovery requesting Plaintiffs to substantiate those claims. Plaintiffs refused to provide responsive informational records or signed authorizations for the release of records, despite Defendants' offer to enter a protective order. Given that Plaintiffs put their medical condition at issue in this litigation, Defendants are entitled to discovery regarding Plaintiffs' medical condition in order to properly defend this matter. *McCormick v. Brzezinski*, No. 08-CV-10075, 2008 WL 4965343, at *3 (E.D. Mich. Nov. 18, 2008).

## II.    DEFENDANTS REQUEST AN AWARD OF EXPENSES.

If a motion to compel is granted, Federal Rule of Civil Procedure 37(a)(5)(A) provides that the court must, after giving an opportunity to be heard, require the party whose conduct required the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A). Such an award is mandatory unless the court finds that the responding party's refusal to respond was substantially justified, or other such circumstances making an award unjust. *Id.*

Here, Defendants' counsel conferred with Plaintiffs' counsel about the issues contained in this motion. On May 13, 2024, Defendants sent Plaintiffs correspondence outlining the deficiencies with their discovery requests and then had a telephone conversation discussing the deficiencies. (**Exhibit D**). Plaintiffs did not amend their discovery responses. Defense counsel sent Plaintiffs' counsel multiple subsequent correspondence requesting Plaintiffs to amend or supplement the discovery responses. Those communications have largely gone ignored.

On June 5, 2024, Defendants notified Plaintiffs that they intended to file a motion to compel

discovery responses. (**Exhibit E**). Plaintiffs' counsel then responded that he would work on the responses. But since then, Plaintiffs have refused to supplement any responses. Given these facts, Defendants respectfully request that the Court enter an Order of an award of expenses incurred in making this Motion, including attorney's fees.

## III.    DEFENDANTS REQUEST AN EXTENSION OF TIME.

Pursuant to Federal Rule of Civil Procedure 16(b)(4), the Court may modify a scheduling order upon good cause shown. "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (citing *Bradford v. DANA Corp.,* 249 F.3d 807, 809 (8th Cir. 2001)); *see also Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 340 (2d Cir. 2000) (joining Eighth, Ninth, and Eleventh Circuits in construing "good cause" as depending on the movant's diligence). Another relevant consideration is possible prejudice to the party opposing the modification. *Id.*

Defendants have appropriately responded to Plaintiffs' five separate and extensive interrogatories, requests to produce documents, and requests for admissions. Defendants noticed the depositions of Plaintiffs in March 2024, which were set to proceed in May and June 2024, respectively. However, due to insufficient discovery responses by Plaintiffs, such depositions had to be adjourned until further notice. Defendants have pulled whatever internal information is available to them in an effort to obtain *any* information that may be relevant to this lawsuit. This enabled Defendants to subpoena a small number of medical and employment records for Plaintiffs—no responsive records have been received as of the date of this filing.

Defendants bring this Motion to extend deadlines well before their expiration, have worked in good faith with Plaintiffs' counsel to provide discovery and schedule depositions, and now are

asking this Court for an extension of time in order to diligently defend their case and prepare for defending depositions, taking depositions, and drafting dispositive motions.

The scheduling order presently has a discovery cutoff date of September 29, 2024 and a dispositive motion cutoff date of October 30, 2024. In light of the discovery that remains pending, Defendants propose that they have demonstrated good cause to adjourn the Scheduling Order dates in this case by 60 days.

<b>CONCLUSION</b>

Defendants request that this Court enter an Order compelling Plaintiffs to respond fully to discovery requests within seven days, without objection, enter an Order extending deadlines 60 days, and award Defendants attorney's fees and costs.

/s/KENNETH B. CHAPIE_____
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants

DATED:  June 19, 2024

<b>CERTIFICATE OF ELECTRONIC SERVICE</b>

KENNETH B. CHAPIE states that on June 19, 2024, he did serve a copy of **Defendants' Motion to Compel Discovery** via the United States District Court electronic transmission, email and regular mail.

/s/KENNETH B. CHAPIE_____
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7048
kchapie@gmhlaw.com
P66148

16

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned counsel certifies that this brief complies with the type-volume limitations of L.Civ. R. 7.2(b)(ii). The brief was prepared in Microsoft Word 2010, using a times new roman 12 pt. font. Microsoft Word 2010 has a function that calculates the number of words in a document. According to that function, there are 3,910 words in this brief.

/s/KENNETH B. CHAPIE
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7048
kchapie@gmhlaw.com
P66148
