UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAZEN VERMEULEN; MORGEN
GROSSETT, by and through her parent and
Next Friend, CASSANDA BYERS; AVA
VERMEULEN, by and through her parent and
Next Friend, ELIZABETH CUTSHAW; and
KAMI WILSON, by and through her parent and
Next Friend, APRIL WILSON,

       Plaintiffs,

v

VICKSBURG COMMUNITY SCHOOLS,
KEEVIN O'NEILL, STEVE GOSS, ADAM
BRUSH and MATTHEW HAWKINS,

       Defendants.
_____/

Judge Robert J. Jonker
Magistrate Judge Ray Kent
No. 23-00901

| | |
|---|---|
| MATTHEW S. DEPERNO (P52622) | TIMOTHY J. MULLINS (P28021) |
| DEPERNO LAW OFFICE, PLLC | KENNETH B. CHAPIE (P66148) |
| *Attorney for Plaintiffs* | LINDSAY P. HAZEN (P85861)) |
| 951 W. Milham Avenue | GIARMARCO, MULLINS & HORTON, P.C. |
| PO Box 1595 | *Attorneys for Defendants* |
| Portage, MI 49081 | 101 W. Big Beaver Road, 10th Floor |
| (269) 321-5064 | Troy, MI 48084-5280 |
| matthew@depernolaw.com | (248) 457-7020 |
| | tmullins@gmhlaw.com |
| | kchapie@gmhlaw.com |
| | lhazen@gmhlaw.com |

## **STIPULATED PROTECTIVE ORDER**

Pursuant to the signed Stipulation of counsel for the parties,

**IT IS HEREBY ORDERED** as follows:

1.    When used in this Order, "confidential documents" mean medical records as contemplated by Federal Rule of Civil Procedure 26(c).

1

2.  All confidential documents, as that term is defined by Paragraph 1, shall be used solely for the prosecution and/or defense of this action.

3.  Except as provided in Paragraphs 4, no confidential document and no information contained in a confidential document may be disclosed to any person other than:

   a.  The parties;

   b.  Counsel for the parties;

   c.  Secretaries, paralegal assistants and other employees of such counsel who are actively engaged in assisting counsel in the preparation of this action;

   d.  Persons noticed for deposition or persons who may be designated as witnesses, including outside consultants and experts retained for the purpose of assisting in the preparation of this action (whether or not said outside consultant or expert is retained to testify in this action);

   e.  Any facilitator/mediator who the parties have agreed to use in this case;

   f.  The Court in this action and Court personnel, including a stenographic reporter or certified videotape operator engaged in in this case or such proceedings as are a necessary incident to trial of this action and/or preparation of this action for trial; and

   g.  Any other person to whom the parties agree in writing.

4.  Documents produced or information covered by this Protective Order shall be made available only to persons authorized by this Protective Order. In the event that any documents or information covered by this Protective Order are used in any court proceeding, it shall not lose its confidential status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use. In the event that a party includes any documents or information covered by this Protective Order in any affidavits, briefs, memoranda of law or other papers filed in Court in this litigation, the parties agree that they will first inquire with the other parties as to whether the documents may be filed in a redacted form to cure the confidentiality concern. If it cannot, such documents or information shall be submitted under seal. The party

designating the document as confidential pursuant to this Order may waive the confidentiality designation by providing written notice to the opposing party, or by express oral waiver of such designation during a deposition or other proceeding on the record.

5.  Before disclosing any confidential document to any non-party witness, counsel contemplating disclosure shall require such persons to read a copy of this Protective Order and sign a copy of the Undertaking Regarding Confidentiality attached hereto ("Undertaking") affirming that the recipient (a) has read this Order and understands all of its terms, (b) agrees to abide by and to be bound by the terms of this Order; and (c) agrees to submit to the Court's jurisdiction for purposes of enforcement of this Order. Counsel shall retain each such Undertaking until such time as the litigation, including all appeals, is concluded and counsel has retrieved all confidential documents from the recipient in compliance with Paragraph 7 below.

6.  This Order shall be without prejudice to the right of Defendants to object to admissibility of such Confidential Information at trial or any hearing.

7.  Except as may be otherwise agreed by the parties, not later than 60 days after the conclusion of this litigation, including all appeals, all copies of Confidential Information supplied by the other side shall be destroyed or, if requested, returned to the party that furnished it.

8.  Nothing in this Order shall prevent any party or nonparty from seeking modification of this Order or from objecting to discovery which it believes to be otherwise improper.

IT IS SO ORDERED.

_____
Hon. Robert J. Jonker
District Court Judge

The undersigned stipulate to entry of the above Stipulated Protective Oder.

Respectfully submitted,

| DEPERNO LAW OFFICE, PLLC | GIARMARCO, MULLINS & HORTON, P.C. |
|---|---|
| /s/ Matthew DePerno<br>MATTHEW S. DEPERNO (P52622)<br>DEPERNO LAW OFFICE, PLLC<br>*Attorney for Plaintiffs*<br>951 W. Milham Avenue<br>PO Box 1595<br>Portage, MI 49081<br>(269) 321-5064 | /s/ Kenneth B. Chapie<br>TIMOTHY J. MULLINS (P28021)<br>KENNETH B. CHAPIE (P66148)<br> LINDSAY P. HAZEN (P85861))<br>*Attorneys for Defendants*<br>333 West Fort Street, Suite 1200<br>Detroit, MI 48226<br>(313) 965-9725<br>101 W. Big Beaver Rd., 10th Floor<br>Troy, MI 48084-5280<br>(248) 457-7020<br>tmullins@gmhlaw.com<br>kchapie@gmhlaw.com<br>lhazen@gmhlaw.com |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAZEN VERMEULEN; MORGEN
GROSSETT, by and through her parent and
Next Friend, CASSANDA BYERS; AVA
VERMEULEN, by and through her parent and
Next Friend, ELIZABETH CUTSHAW; and
KAMI WILSON, by and through her parent and
Next Friend, APRIL WILSON,

       Plaintiffs,                                    Judge Robert J. Jonker
                                                  Magistrate Judge Ray Kent
v                                                          No. 23-00901

VICKSBURG COMMUNITY SCHOOLS,
KEEVIN O'NEILL, STEVE GOSS, ADAM
BRUSH and MATTHEW HAWKINS,

       Defendants.
_____/

## **UNDERTAKING REGARDING CONFIDENTIALITY**

       The undersigned individual hereby certifies that he/she has read the foregoing Protective Order, understands the terms thereof, and agrees to be bound thereby personally if receiving confidential documents in the course of the above-captioned litigation.

       The undersigned acknowledges that breach of the Protective Order shall be actionable by any aggrieved party, including any party to the Action that is the subject of the foregoing Protective Order, and that such breach shall subject the undersigned to any and all applicable legal and equitable remedies for enforcement of the Protective Order and/or relief, including damages, for its breach.

       Promptly upon termination of this action, I will return all confidential documents which came into my possession, and all documents or things which I have prepared relating thereto, to my counsel, if a party to the case, or the counsel for the party by whom I am employed or retained. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

Date: _____

Name: _____