UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAZEN VERMEULEN, MORGEN GROSSETT, by and through her parent and next friend Cassanda Byers, AVA VERMEULEN, by and through her parent and next friend Elizabeth Cutshaw, and KAMI WILSON, by and through her parent and next friend April Wilson

    Plaintiffs

v.

VICKSBURG COMMUNITY SCHOOLS; KEEVIN O'NEILL in his official capacity as Superintendent of Vicksburg Community Schools; STEVE GOSS in his official capacity as Assistant Superintendent of Vicksburg Community Schools; ADAM BRUSH in his official capacity as Principal of Vicksburg High School; MATTHEW HAWKINS in his official capacity as Vice Principal of Vicksburg High School;

    Defendants.
_____/

Case No. 1:23-cv-00901

HON. ROBERT J. JONKER

**IMMEDIATE CONSIDERATION REQUESTED**

## DePERNO LAW OFFICE and MATTHEW S. DePERNO's MOTION TO WITHDRAW AS COUNSEL

### and

### IMMEDIATE CONSIDERATION

    NOW COMES DePerno Law Office, PLLC and Matthew S. DePerno ("Petitioner") and hereby moves this Honorable Court for an order permitting DePerno Law Office, PLLC and Matthew S. DePerno to withdraw as counsel for Plaintiffs, HAZEN VERMEULEN, MORGEN GROSSETT, by and through her parent and next friend Cassanda Byers, AVA VERMEULEN, by and through her parent and next friend Elizabeth Cutshaw, and KAMI WILSON, by and

through her parent and next friend April Wilson. This motion is made pursuant to Local Rule 7.1, MCR 2.117(C)(2), and MRPC 1.16(a)(1), (b)(2)-(7).

1. Petitioner is the counsel of record for Plaintiffs in the above-captioned matter.

2. Immediate consideration is requested because Defendants have scheduled depositions for October 10, October 11, October 17, and October 18, 2024.

3. A lawyer may withdraw from representing a client if the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services or if the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client. MRPC 1.16(b)(4)-(5).

4. A lawyer may withdraw from representing a client other good cause exists. MRPC 1.16(b)(6).

5. Richard Cutshaw is the step-father of Plaintiffs Hazen Vermeulen and Ava Vermeulen, husband of Elizabeth Cutshaw, and co-signer of the attorney fee agreement. Mr. Cutshaw was Petitioner's original contact in this case and has been designated as the contact person for Plaintiffs regarding finances. Mr. Cutshaw has made multiple statements to Petitioner over many months that he was fundraising money for this case which would be available prior to depositions.

6. As a result, as late as three weeks ago, Petitioner has requested that Plaintiffs made an additional deposit for legal fees to for the upcoming deposition, at least in an amount to cover hard costs.

7. Plaintiffs have now stated they are unable to pay for legal services in this case going forward pursuant to the engagement agreement signed in June 2023. Based on current discussions it clear that Plaintiffs are unwilling to make payments and now have failed to fulfill

2

additional promises to Petitioner, including promises that have been made as early as the date of this motion, including the obligation to make additional retainer deposits when requested.

8. In addition, Richard Cutshaw, has become verbally abusive and hostile to Petitioner in such a manner that there is a clear breakdown in the attorney client relationship. The exact nature of that conduct cannot be revealed to the Court without violating the attorney-client privilege, but the conduct has led to a breakdown in the attorney-client relationship that prevents Petitioner from continuing to serve as Plaintiffs' counsel in this matter. MRPC 1.16(a)(1); MRPC 1.16(b)(4)-(6). Petitioner can assure this Court there is no chance of repair of relationship.

9. Petitioner just learned yesterday this is not the first time Richard Cutshaw has refused to pay his attorneys. He is now on his fifth (5th) attorney in the case of *Sara Anne Cutshaw v Richard Stiles Cutshaw*, Kalamazoo County Circuit Court, Case No. 2014-7097-DM where at least one attorney as filed a motion to withdraw for failure to pay attorney fees.

10. In addition, Petitioner just learned yesterday that Richard Cutshaw has a documented history of abusive conduct, alcohol abuse, and drug abuse (including meth).[1] He has also previously threatened to kill himself.[2] Therefore, his abusive conduct toward Petitioner is no surprise. MRPC 1.16(a)(1); MRPC 1.16(b)(4)-(6).

11. In addition, Cassandra Byers has become verbally hostile to Petitioner in such a manner that there is a clear breakdown in the attorney client relationship. The exact nature of that conduct cannot be revealed to the Court without violating the attorney-client privilege, but the conduct has led to a breakdown in the attorney-client relationship that prevents Petitioner from

---

[1] See *Elizabeth Kay Cutshaw v Richard Stiles Cutshaw, (Cutshaw I)* Kalamazoo County Circuit Court, Case No. 2018-6392-DO. See also *Elizabeth Kay Cutshaw v Richard Stiles Cutshaw, (Cutshaw II)* Kalamazoo County Circuit Court, Case No. 2019-5031-DO. See also *Elizabeth Kay Cutshaw v Richard Stiles Cutshaw, (Cutshaw III)* Kalamazoo County Circuit Court, Case No. 2019-6393-DO. See also *Elizabeth Kay Cutshaw v Richard Stiles Cutshaw, (Cutshaw IV)* Kalamazoo County Circuit Court, Case No. 2020-5217-DO.
[2] *Id., Cutshaw III and Cutshaw IV*.

continuing to serve as Plaintiffs' counsel in this matter. MRPC 1.16(b)(4)-(6). Petitioner can assure this Court there is no chance of repair.

12. Plaintiffs have also acknowledged there is a breakdown in the attorney client relationship.

13. In addition, Petitioner is a sole practitioner and cannot afford to finance Plaintiffs' case or pay for depositions out of pocket. MRPC 1.16(b)(5).

14. The Court has discretion to grant leave to withdraw as counsel. *United States v. Mack*, 258 F.3d 548, 555-56 (6th Cir. 2001). Michigan law recognizes a lawyer's right to withdraw if a client fails to pay the lawyer's fees and expenses or if there has been a breakdown in the attorney client relationship. Michigan Rule of Professional Responsibility 1.16(b)(4)-(6) states:

> (b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if:
>
> (4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
> (6) other good cause for withdrawal exists.

15. Pursuant to MCR 2.117(C)(2) and MRP 1.16(b)(6) an attorney who has entered an appearance may withdraw from the action or be substituted only by order of the Court.

WHEREFORE, pursuant to Local Rule 7.1, MCR 2.117(C)(2), and MRP 1.16(b)(4)-(6), Petitioner requests this Court grant his motion and enter an order confirming that attorney Matthew S. DePerno is no longer a counsel of record in this matter.

DePerno Law Office, PLLC ● PO Box 1595 ● Portage, MI 49081
(269) 321-5064 (phone) ● (269) 353-2726 (Fax)

DePERNO LAW OFFICE, PLLC

Dated: October 4, 2024 */s/ Matthew S. DePerno*
Matthew S. DePerno (P52622)
Attorney for Plaintiffs
PO Box 1595
Portage, MI 49081
(269) 321-5064

## BRIEF IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL

In support of his motion, DePerno Law Office, PLLC and Matthew S. DePerno rely on the facts set forth in the motion and upon MCR 2.117(C)(2) and MRPC 1.16(b)(6).

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2024, I electronically filed the foregoing brief with the Clerk of the Court using the ECF system which will send notification of such filing of the foregoing document to all attorneys of record.

Dated: October 4, 2024 */s/ Matthew S. DePerno*
Matthew S. DePerno (P52622)

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation set forth in LCivR 7.3(b) because the motion and brief contains 1,241 words, excluding certain parts of the brief exempted by LCivR 7.3(b)(i). The brief was prepared in proportionally spaced typeface using Microsoft Word in 12-point Times New Roman.

Dated: October 4, 2024 */s/ Matthew S. DePerno*
Matthew S. DePerno (P52622)